WILLIAM SCHMIDT, Appellant, *against* WOLF COHN, Respondent.

(Decided May 18th, 1883.)

The judge presiding at a trial by jury denied a motion upon his minutes by the defeated party for a new trial, without hearing argument and without examining the evidence; and an appeal was taken from the order denying the motion and from the judgment entered on the verdict. After the expiration of the term, but before argument of the appeal, the same party obtained from the same judge, then holding a special term, an order to show cause why a new trial should not be granted, upon the pleadings and proceedings and the case and exceptions settled and filed. *Held*, that the judge had power, upon these proceedings, to entertain and grant the renewed application for a new trial.

APPEAL from an order of the General Term of the Marine Court of the city of New York affirming an order of that court granting a new trial, and from the judgment entered upon the order of affirmance.

The facts are stated in the opinion.

*Henry Wehle,* for appellant.

*George W. Galinger,* for respondent.

VAN HOESEN, J.—After a verdict for the plaintiff, the defendant moved, at the trial term before Mr. Justice MAC ADAM, for a new trial upon the minutes, which motion the learned justice denied, without hearing argument, and without examination. From that order, as well as from the judgment entered upon the verdict, the defendant appealed to the General Term of the Marine Court. Before that appeal came on for argument, the defendant, who had found an authority very much in his favor (*Goldman* v. *Abrahams,* 10 Weekly Digest 108), obtained from Justice MAC ADAM, who was sitting at Special Term, an order to show cause why a new trial should not be granted. This application was founded upon "the pleadings, the proceedings, and upon the case and exceptions as settled, signed and filed." Upon the return of the order to show cause, the plaintiff objected to the hearing of the motion for a new trial on the ground that a motion for a new trial had already been made upon the minutes, and that an appeal had been taken from the order denying such motion. The learned justice said, however, that he had denied the motion when it was made. at the trial term because he regarded it as a merely formal motion, and that he had not then examined the testimony in the cause. He also said that the case, as settled, made it plain that a new trial ought to be granted, and that it would be useless to send the parties to the General Term when it was clear that a new trial would inevitably there be ordered.

He granted a new trial, and the General Term of the Marine Court affirmed the order for a new trial.

The power of a judge sitting at the circuit or trial term to grant a motion for a new trial made upon his minutes, rests solely upon the authority given by statute, and was bestowed in order that litigants might be spared the labor and expense of preparing a " case " where the judge could see that he himself or that the jury had acted on erroneous principles in the course of the trial. A motion for a new trial on the minutes must be made before the close of the term at which the trial is had, but a motion for a new trial upon a case may be made at a subsequent term. After a motion for a new trial upon the minutes has been denied, it is not customary to make the grounds of that motion the foundation of a motion for a new trial upon a case made, but, nevertheless, I see no great difficulty in applying to these motions the rules that govern the making of other motions. I think it should be left to the Special and General Terms of the court of original jurisdiction to determine when, and in what cases, a motion once decided should be renewed or re-heard.

There is no doubt in this case that but for the motion made for a new trial on the minutes a motion for a new trial on the *case* might have been made at Special Term; and if Mr. Justice MAC ADAM, when sitting at Special Term, saw fit to correct an error into which, through inadvertence, he fell when at the trial term, I see no reason for holding that he acted without jurisdiction, unless it be that the law inflexibly denies to a judge the right to allow a motion that he has once decided to be re-argued before him.

Now both motions were for a new trial, and were in substance, though not in form, the same. By granting an order to show cause, and by proceeding as he did on the return of the order, he gave to the defendant leave to renew his motion for a new trial.

It is true that he could not, after the end of the term, give leave to renew a motion for a new trial on the minutes,

but it was in his power to entertain a motion for a new trial on new and different papers from those that formed the basis of the motion that he had denied. That this is so, admits, I think, of little doubt. The case of *Riggs* v. *Purcell* (74 N. Y. 378), seems to relieve the point from any uncertainty.

If it were necessary to support the right of Justice MAC ADAM to allow a re-argument, I think that a strong argument could be made in its favor, founded upon considerations of convenience alone. The question is only one of practice, and rules of practice are founded mainly upon convenience. If the matter were to be disposed of as a question of convenience, economy and common sense, why should the parties be put to the labor and expense of arguing an appeal from and the General Term be put to the labor of examining and reviewing a ruling so obviously erroneous that the judge who made it was eager to set it aside?

The order and judgment appealed from should be affirmed, with costs and disbursements, and judgment absolute for the defendant should be rendered upon the stipulation.

J. F. DALY, J., concurred.

VAN BRUNT, J., dissented.

Order and judgment affirmed, with costs, and judgment absolute directed for defendant.