## CITY COURT OF NEW YORK.

ENRIQUE VALIENTE *et al.*, plaintiffs and respondents, agt. JAMES BRYAN, defendant and appellant.

*Juror — Misconduct of — When silence of counsel and defendant fatal.*

If a party is cognizant of the misconduct of a juror, and does not call attention to it the first opportunity, he waives the objection. He cannot keep the objection in silent reserve and spring it upon his adversary afterwards by motion or upon appeal.

*General Term, November, 1883.*

*Before* McADAM *and* NEHRBAS, *JJ.*

APPEAL from order denying motion for new trial.

*W. H. Newman,* for appellant.

*J. A. Murray,* for respondent.

McADAM, *J.* — The defendant moved for a new trial on the ground of irregularity and misconduct on the part of the jury. The specific charge is that " after the plaintiff left the witness stand, and as he was passing the jury box, the ninth juror stopped the plaintiff and asked him some questions, and that the plaintiff showed the juryman a paper containing the advertisement which was the subject-matter of the action." The defendant's attorney swears that he witnessed the occurrence mentioned, and that the time occupied was about two minutes, and that thinking the matter of no consequence he let it pass without calling the attention of the court to it. The case was thereafter summed up by counsel and submitted to the jury. The misconduct charged should have been called to the attention of the court at the time. It was known to the defendant and his attorney, and they were bound to complain of it then and there, and their right to raise the objection was waived. Instead of objecting, as he should have done, the defendant, with knowledge of the irregularity, allowed the jury to leave the box and retire for deliberation; and having knowingly taken the chances of a favorable verdict, he cannot now complain that he miscalculated the result.

The rule is inflexible, that where a party has his day in court, with every opportunity to object, and he does not see fit to avail himself of the right at the time it arises, the objection is waived, and it cannot be afterwards raised upon motion or by appeal. He cannot keep the objection in silent reserve and spring it upon his adversary in case he is unsuccessful in inducing the jury to accept his theory of the case. Good faith to the court and a proper respect for the orderly administration of justice require that misconduct on the part

of jurors be called to the attention of the court at the first opportunity, in order that the abuse may be summarily rebuked, corrected and, if necessary, punished. The defendant having waived his right to object, it follows that the judge below was right in refusing to disturb the verdict upon the ground specified, and that his order must be affirmed, with costs.

NEHRBAS, J., concurs.