WILLIAM MCALLISTER, Respondent, *against* JOSEPH S.
    CASE *et al.,* Respondents, and HENRY I. MORRIS,
    Appellant.

(Decided January 3d, 1888.)

Upon a reference of an action to foreclose a mechanic's lien, the referee
  received proofs and heard arguments thereon after the closing of the
  case, and without notice to the contractor, who was a party defendant.
  *Held,* that this was an irregularity, for which ordinarily the report
  should be set aside; but the contractor, having had notice of such pro-
  ceedings a few days after they were had and a considerable time before
  the filing of the report, and not having objected thereto, must be con-
  sidered to have waived such irregularity.

APPEAL from an order of this court denying a motion to
vacate and set aside an order of reference and the referee's
report.

The action was brought to foreclose a mechanic's lien, and
was referred to a referee. A motion to vacate and set aside
the order of reference and the referee's report was made by
Morris, one of the defendants, appellant, on the ground of
irregular and improper conduct of the referee, in receiving
evidence and hearing counsel for some of the parties, after
the case was closed, and in the absence of and without
notice to the appellant.

The action to foreclose the lien was brought against the
owner, contractors, and other lienors, and against the ap-
pellant Morris, who was the assignee of the contractors.
The case was tried before the referee, and closed on May

10th, 1887, up to which time none of the lienors had proved the filing of a notice of *lis pendens.* The appellant moved to dismiss the complaint and the other claims of the defendants lienors, on the ground that "they had not proved any valid, continuing, and subsisting lien;" but without specifically calling the referee's attention to the want of proof of filing the notice of *lis pendens.* Findings and briefs were subsequently submitted. On or about June 8th, 1887, the referee wrote to the attorneys of the plaintiff and of the defendants, the other lienors, asking whether a notice of *lis pendens* had been filed. The plaintiff and the Hopkins & Dickinson Manufacturing Company then produced proof to the referee that they had filed notices of pendency of action; the other lienors did not; and the referee then notified the parties (except this appellant) to appear before him and argue two questions, viz.: the sufficiency of one notice of *lis pendens* in this action for all the lienors who were parties to it, and the question of costs; and pursuant thereto the attorney for one of the defendant lienors and the counsel for the owner attended before the referee and argued the question as to the notice of *lis pendens* and the question of costs as between the claimants and the owner. The report of the referee was filed on July 15th, 1887, in which he found in favor of the plaintiff and of the other lienor who had filed notices of pendency of action, and against the lienors who had not filed separate notices, and awarded costs against the appellant. On July 20th the appellant made his motion to vacate the order of reference and set aside the report.

It appeared that, after the referee had received the proofs and heard the arguments complained of, and before he had rendered his decision, the appellant's attorney had notice of the irregular proceedings, but took no action until the report against his client was filed.

*Wm. King Hall,* for appellant.

*B. Metzger,* for respondents.

McAllister *v.* Case.

J. F. DALY, J. — [After stating the facts as above.] — Although it does not appear that the appellant here was injured by the introduction of the merely formal proof of the filing of notices of pendency of action, and the argument of the questions arising upon the non-filing of such notices by certain lienors (which questions were ultimately decided in his favor), and the argument of the question of costs as between the lienors and the owner, yet it was undoubtedly irregular and improper for the referee to receive any proofs and hear any argument after the case was closed without notice to him, and under ordinary circumstances the report would have to be set aside and the reference vacated for such irregularity; but it appears that the appellant here had notice of the irregularity complained of and made no objection until after the referee rendered his decision. This is a waiver of objection. After he was apprised of the proceedings of the referee, if he disapproved of them he should have objected. " He ought not to be permitted, after having lain by and taken the chance of a favorable award, to object when he finds the award against him " (*Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392–405).

In the case cited the parties had agreed to arbitrate, and after the case had been closed the arbitrator wrote to the defendant for a statement of the plaintiff's account with them and their objections to certain of his charges. The statement was sent, and the arbitrator showed it to the plaintiff, who claimed the right to answer it; the arbitrator told him he might do so if he concluded to use it, but that he thought then he would ignore it. Plaintiff assented, and the arbitrator subsequently advised him that he should not regard it, and, as he testifies, " threw it out of consideration utterly and ignored it." The court said that the letter of the arbitrator did not call for the defendants' books or a transcript from them, but for their answer or claim to certain credits or charges not appearing on the books, and thought it sufficient ground for setting aside the award, saying that " any violation of natural justice by an arbitrator, such as receiving material evidence from one of the parties

without the knowledge or consent of the other, should be condemned," but, in view of the fact that the plaintiff was apprised of it and made no objection until after the decision against him, he was not entitled to relief: using the language quoted above.

The same rule was applied in a case where the referee made a report in favor of a party whose counsel was referee in an action (pending at the same time with that case), in which the first named referee was counsel. It was held that where each of two attorneys in different actions has the cause of the other in his hands to decide as referee, a due regard for judicial propriety and for the pure administration of justice requires that, upon the application of the opposing party in either action, made in due season and under circumstances not amounting to a waiver, the court should vacate the reference and set aside the report if one has been made; but that the objection might be waived; and inasmuch as the party making such application knew of the facts some time prior to the decision of the referee in his case, he must be refused relief; the court saying that a party knowing the objection had no right to lie by after permitting the reference to proceed and taking the chance of success (*Carroll* v. *Lufkins*, 29 Hun 17, Gen. T. Fourth Dep't).

And in a case where a juror stopped the plaintiff, after he left the stand and was passing the jury box, and asked him some questions, and the plaintiff showed him a paper containing the advertisement which was the subject of the action; and the defendant and his counsel failed to call the attention of the court to the circumstance, although they knew of it, but allowed the case to proceed; they waived the objection and were not entitled to a new trial on the ground of the irregularity and the misconduct of the juror, having knowingly taken the chances of a favorable verdict and "miscalculated the result" (*Valiente* v. *Bryan*, 66 How. Pr. 302, N. Y. City Ct. Gen. T.)

The affidavit of Mr. Strong, counsel and attorney for the lienor, the Hopkins & Dickinson Manufacturing Company, states positively that in his conversations with Mr. Hall,

May v. New York Safety &c. Fund Soc.

the attorney for this appellant, and Mr. Sanborn, the attorney for the owner, he learned that Mr. Hall was informed by Mr. Sanborn of this argument between the deponent and Mr. Sanborn before the referee, "within a very few days after it occurred, and long before the report of the referee was made, so that Mr. Hall has, in effect, been waiting to see what the decision of the referee would be, before he took any action based upon the alleged irregularity of such argument." The argument referred to embraced the questions arising upon the notices of *lis pendens* filed after the close of the case and also the question of costs. This allegation is not denied by Mr. Hall. In his brief on this appeal he states that the conversation took place after July 1st, the date of the report, but there is no proof of it in any paper read on the motion, and the report was not filed until July 15th. I think therefore that the facts of this case bring it within the rule applied in the authorities cited above.

The order should be affirmed, with costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Order affirmed, with costs.