MOORE *v.* NEW YORK EL. R. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

1. TRIAL—MOTION TO SET ASIDE VERDICT—WHERE MADE.

    Code Civil Proc. N. Y. § 999, provides that a motion to set aside a verdict may be made at the trial term, on the judge's minutes, only (1) on exceptions taken; and (2)

because the verdict is excessive, inadequate, contrary to law, or contrary to the evidence. Sections 1000 and 1001 provide for setting aside the verdict on a motion to be heard at general term. Section 1002 provides that in a case not specified in the last three sections such motion must be heard at special term. *Held*, that a motion to set aside a verdict on the ground of misconduct on the part of the jurors must be made at special term.

2. SAME—CONDUCT OF JURORS—OBJECTIONS WAIVED.

In an action to recover damages to property, the court, by consent of the parties, permitted the jury to view the premises, provided they went together. The order was misunderstood, and only five of the jurors visited the premises. *Held*, that the irregularity, being one which could have been cured either by sending all the jurors to inspect the premises or by discharging them, was waived by a failure to make any objection until after the verdict.

3. SAME—AFFIDAVITS OF JURORS.

The affidavits of jurors are competent to sustain a verdict, though inadmissible to impeach it.

Appeal from trial term.

Action by Eliza Jane Moore against the New York Elevated Railroad Company and another. A motion made at trial term to set aside the verdict on the ground of the misconduct of the jury was denied, and plaintiff appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Whitehead, Parker & Dexter*, for appellant. *Davies & Rapallo, (Charles A. Gardner* and *Brainard Tolles*, of counsel,) for respondents.

BOOKSTAVER, J. This was a common-law action, brought to recover damages for the maintenance and operation of the elevated railroad in front of the plaintiff's premises, 371 Greenwich street. The action had been on trial for more than two days, when, a witness for defendant not being present as subpœnaed, the defendants' counsel requested the court to take its usual recess, it then being near that hour, and suggested that meanwhile the jurors might visit the premises. To this plaintiff's counsel assented; and the presiding judge gave the jury such permission, provided they all went together. Some of the jurors did not understand that they were required to go together, and so but five of them visited the premises. Those five did not return promptly, at the time named by the judge for resuming the trial, and were reprimanded by him for their tardiness, whereupon they frankly stated the cause for their delay. The presiding judge then reprimanded them for disobeying his direction in the matter, to which they then and there replied that they misunderstood his directions. Plaintiff's counsel were present at the time, and, as appears from the papers and from the argument of this appeal, fully understood the nature of the irregularity in this respect; but they made no objection to the same, nor did they make any motion in regard to the matter until after the coming in of the verdict. The trial thereupon proceeded, and resulted in a verdict for the defendants. Thereafter the plaintiff made a motion, based upon the affidavits, setting forth the irregularity of the jury, before the trial judge at the trial term, who afterwards made the order denying the motion, which is the subject of the present appeal.

We do not think the trial judge had any power to grant the motion, so far as the same was based upon the alleged misconduct of the jury, and that such a motion could only be made to the special term. Section 999 of the Code of Civil Procedure provides for a motion, made at the same term upon the minutes of the trial judge, to set aside a verdict and grant a new trial, on the following grounds only: (1) Upon exceptions taken; (2) because the verdict is for excessive or insufficient damages; (3) because the verdict is contrary to the evidence; and (4) because it is contrary to law. Sections 1000 and 1001 provide for setting aside a verdict upon a motion to be heard at the general term; and section 1002 enacts, in a case not specified in the last three sections, a motion for a new trial must in the first instance be heard and decided at

special term.    It has frequently been held that motions for a new trial upon the grounds of irregularity, misconduct of the jury, surprise, newly-discovered evidence, etc., must be made at special term.    *Paulitsch* v. *Railroad Co.*, 50 N. Y. Super. Ct. 241, was an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial made at the same term upon the judge's minutes.    It was held that the alleged misconduct of a juror appearing upon the record was not available to the appellant upon such appeal, because no motion had been made at special term for a new trial on that ground.    FREEDMAN, J., said: "The motion for a new trial was made on the minutes of the judge, whereas the motion for a new trial on the ground of objectionable conduct on the part of a juror must be made to the court at special term, either upon a case settled or affidavits, or both." See, also, *Newhall* v. *Appleton*, 46 N. Y. Super. Ct. 6; *Argall* v. *Jacobs*, 56 How. Pr. 167; *Ice Co.* v. *Mayor*, 3 Law Bull. 6.    The cases cited by the learned counsel for the appellant do not sustain the doctrine that the trial judge can entertain a motion for a new trial at trial term, on new papers, after denying a like motion, made after verdict on the minutes.    In *Schmidt* v. *Cohn*, 12 Daly, 134, the motion was made at a special term of the city court, after the judge there presiding had denied a motion upon the minutes at trial term, when he was presiding there; and this was sustained because it was made at special term.    The case of *Riggs* v. *Pursell*, 74 N. Y. 370, does not apply to a motion for a new trial on the ground of irregularity in the conduct of a jury.

But as it does not appear that this objection was taken before the judge who heard the motion, we will consider the case upon its merits.    The most obvious reason for denying the motion is that the objection that some of the jurymen did not visit the premises was not made upon the trial, and must therefore be deemed to have been waived.    It is the general rule that, where a party cognizant of the misconduct of a juryman does not call attention to it at the first opportunity, he waives the right to afterwards make such misconduct the ground of a motion for a new trial, (*Valiente* v. *Bryan*, 66 How. Pr. 302;) and it would be unjust to permit the party to take his chances of a favorable verdict, and, if defeated in that, then claim a new trial on the ground of the irregularity.    Hayne, New Trials & App. pp. 99, 103, § 27.    The appellant, however, contends that the irregularity was such that its consequences could not have been avoided had attention been called to it, and that therefore the rule does not hold.    In this we think she was mistaken.    The irregularity could have been effectually cured in one of two ways:    Either all of the jurors could afterwards have been sent to inspect the premises, under the charge of an officer, had plaintiff so requested; or the trial judge would, doubtless, on motion, have discharged the jury from further consideration of the case.    Neither of these courses was pursued by the appellant's counsel, and we therefore think they effectually waived any irregularity in the conduct of the jurors.

Again, from the papers presented, we are convinced that the irregularity did not prejudice the plaintiff's case in the minds of the jury.    Upon the hearing of the motion, the five jurors who visited the premises showed the exact facts as to their visit, which amounted to nothing more than their going to the premises, each of them taking a glass of beer, and paying for it himself, with no further conversation with the persons present other than among themselves; and, from the remarks made between themselves, it would seem that the result of the visit was rather favorable to the appellant than otherwise.

The affidavits of the other seven members of the jury tended to corroborate the affidavits of the first-mentioned jurymen, and to show that the circumstance of the visit to the premises had no effect on the verdict.    It can hardly be disputed that the affidavits of jurors are competent to sustain a verdict, although inadmissible to impeach it.    *Dana* v. *Tucker*, 4 Johns. 487; *O'Brien*

v. *Insurance Co.*, 38 N. Y. Super. Ct. 482; *Booser* v. *Wilson*, 2 Law Bull. 49; *Hackley* v. *Hastie*, 3 Johns. 252. We therefore think that the motion was properly denied upon the merits, and the order should be affirmed, with costs.