COMMONWEALTH *vs.* LUCY M. GOVE.

Suffolk.    March 31, 1890. — May 8, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bail — Superior Court — " Session " — Recognizance — Notice.*

Section 48 of the Pub. Sts. c. 212, providing that, when the Superior Court is " not in session," bail may be taken in the county of Suffolk by a bail commissioner, means when that court is not in actual session, and a recognizance entered into before a commissioner when that court temporarily stands adjourned to another day is valid.

The omission of the bail commissioner to require proof that written notice of the application for bail had been duly served on the district attorney or his assistant, as required by that section, will not render the recognizance invalid, or avail a surety as a defence in an action thereon.

HOLMES, J.    This is an action upon a recognizance given by the defendant as surety for one Corbett, after the latter had been convicted of rape in the Superior Court for the transaction of criminal business in the county of Suffolk. The court adjourned at about half past eleven in the morning on Saturday, May 11, until the following Monday, and the recognizance was taken by a commissioner at about two in the afternoon of the same Saturday. By the Pub. Sts. c. 212, § 48, after a conviction in that court, " the prisoner shall not be admitted to bail, except in open court; provided, that, when said court is not in session, bail may be taken " by a commissioner. It is argued that the court is in session, within the meaning of the act,

during its temporary adjournments, and that therefore the recognizance is void.

In *Brayman* v. *Whitcomb*, 134 Mass. 525, it was held that the time between the sessions of the court during an adjournment like the present was not vacation within the Gen. Sts. c. 152, § 2, (Pub. Sts. c. 193, § 2,) which did not authorize a recognizance to be taken before a clerk except in vacation. But the distinction between term time and vacation in these statutes plainly does not mean the same thing as that between the court being and not being in session. When the Public Statutes were enacted, as well as at the date of the original St. of 1862, c. 159, § 1, all the courts had terms, the word had not become exceptional, and if the Legislature had meant by the section before us that bail should not be taken by a commissioner in term time, it would have said so, as it did in the Pub. Sts. c. 193, § 2. We are of opinion that the words " when said court is not in session" mean when it is not in actual session, and that the commissioner had jurisdiction.

The proviso in § 48 continues, " and in such case such . . . commissioner shall have proof that written notice of the proposed application has been duly served, at least twenty-four hours before the hearing of such application, upon the district attorney or the assistant district attorney for the Suffolk district." There was no such proof in this case, and, in fact, no such notice was given. But we are of opinion that the omission by the commissioner of a precaution which he is directed to take in the interest of the Commonwealth cannot be complained of by the defendant. *Thacher* v. *Williams*, 14 Gray, 324, 327. *Shaw* v. *McIntier*, 5 Allen, 423, 425. *Whittier* v. *Way*, 6 Allen, 288, 291. *Gilmore* v. *Edmunds*, 7 Allen, 360.

*Exceptions overruled.*

*E. B. Callender & L. Girardin*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.