## LIPPUS *v.* COLUMBUS WATCH CO.

*(Supreme Court, General Term, First Department.*　February 11, 1891.)

1. NEW TRIAL—EXCLUSION OF EVIDENCE.
   Where the jury find by their verdict that the plaintiff has no cause of action, exclusion of evidence proving damage is not ground for granting a new trial.
2. TRIAL—TAKING PAPERS TO JURY ROOM.
   Certain letters contained in a printed appeal-book were allowed by consent of attorneys to be taken to the jury room. Plaintiff's attorneys, before rendition of the verdict, learned that some of the letters had been underscored by defendant's attorneys, but raised no objection at the time. *Held* too late to raise such objection after the jury had rendered their verdict.
3. EVIDENCE—COMPETENCY.
   In an action for damages for the wrongful dismissal of plaintiff from defendant's employment, a letter written by defendant to plaintiff after his discharge, but before the expiration of his term of employment, forming part of the correspondence referring to the subject of plaintiff's discharge, is competent evidence for defendant.

Appeal from circuit court, New York county.

Action by William C. Lippus against the Columbus Watch Company. Plaintiff appeals from the judgment entered on a verdict in favor of the defendant, and from the order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles H. Machin,* for appellant.　*Bartlett, Wilson & Hayden, (Philip L. Wilson,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover for services, the complainant having been discharged pending the term of his hiring. The defense justified the discharge on the ground of disobedience of rules and incompetency. Evidence having been offered on both sides, the jury found a verdict in favor of the defendant. It appeared that at the time the jury went out for the purpose of considering the case they desired certain letters which appeared in the previous case on appeal, and they were allowed to take the previous appeal-book with them by the consent of the attorneys. It subsequently, but prior to the rendition of the verdict by the jury, came to the knowledge of the plaintiff's attorney that certain letters contained in this appeal-book has been underscored by the defendant's counsel. The plaintiff's attorney, however, made no motion in respect thereto, but waited until after the jury had rendered their verdict, and then moved to set aside the verdict upon the ground of the misconduct of the defendant's attorney. This motion was denied, and from the judgment and order thereupon entered this appeal is taken. Exceptions have been taken to the exclusion of evidence in reference to the question of damages, but it is not necessary to discuss this question. The jury having found by their verdict that the plaintiff was rightfully discharged, and had no cause of action at all, the mere fact that certain evidence proving damage was not received would form no basis for the granting of a new trial. It is claimed that it was error to admit a certain letter from the defendant to the plaintiff dated June 26, 1886, in that this letter purported to be an answer to one received from the plaintiff dated the 23d of June, which latter letter was not offered in evidence. The difficulty with the present objection is that no such objection was taken upon the trial; otherwise it is probable that the letter of the 23d of June would have been offered in evidence by the defendant. It is claimed, however, that the letter was written after the plaintiff had been discharged by the defendant. But the letter was answered, and the correspondence between the parties in reference to this subject-matter was necessarily competent evidence. It was not an attempt to make evidence on the part of the defendant; and, furthermore, it was written before the term of the employment of the plaintiff had ceased.

The only other point which it is necessary to consider is that in respect to the denial of the motion for a new trial, on the ground that the jury were im-

properly influenced by the underscored letters contained in the printed appeal-book. We think that, if the learned counsel for the plaintiff had moved before the jury rendered their verdict to have the jury discharged because of this circumstance, he having had ample time to do so, it might very well have been the duty of the court to have granted such a motion. But having known of this fact, while the jury were out and were deliberating, and making no motion, but remaining quiet, it seems to us it is too late, after the jury have rendered their verdict, to raise any such question. Probably he thought that the underscoring was of no moment when he was informed of the fact, but its character became very greatly blackened and emphasized by the verdict of the jury. It was then that he first supposed that any damage had been done him. He could not be allowed to speculate upon the verdict, and then claim the benefit of this irregularity. The judgment and order should therefore be affirmed, with costs. All concur.