(6 Misc. Rep. 114.)

### WALSH v. MATCHETT.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

NEW TRIAL—INADEQUATE DAMAGES—WAIVER.

In an action for personal injuries, caused by defendant's negligence, a new trial cannot be obtained as for inadequate damages, because, after departure of plaintiff's counsel, the court has given the jury an instruction asked by defendant, which the court had before overlooked, said counsel's clerk being in court and excepting, the instruction simply stating a rule of liability, and not of the measure of damages, and plaintiff's counsel being thereafter present when the sealed verdict is delivered, with knowledge of the facts, and making no objection to the rendering of the verdict. Bischoff, J., dissenting.

Appeal from special term.

Action by Mary A. Walsh against James J. Matchett for damages for personal injuries incurred by falling into a coal hole. Judgment for plaintiff. Plaintiff moved for new trial, which was granted. Defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George S. Hamlin, for appellant.
Hatch & Wickes, for respondent.

DALY, C. J. The action was for personal injuries received from falling through a coal hole in the sidewalk, and the plaintiff had a verdict for $1,000, which she evidently deems inadequate, for she has moved to set the verdict aside upon the ground of an alleged irregular communication made to the jury by the trial judge, after the adjournment of the court, and the departure of the plaintiff and her counsel. The communication complained of was an instruction, asked for in due time by the counsel for defendant, but which the judge had overlooked in charging the requests of both sides. The omission was called to his attention before the jury retired, and while the clerk of the plaintiff's counsel was present, who did not, however, call the court's attention to the absence of the plaintiff's counsel, but, to quote his affidavits, "assumed the responsibility of requesting the stenographer to note an exception upon his minutes to the charging of the jury in the absence of the counsel for the plaintiff and of the plaintiff, after the court had adjourned." The instruction was thus given openly and publicly, in presence, as it was to be assumed, of a person representing the plaintiff, and who was plainly competent to protect her interest. A sealed verdict was ordered, and the next morning was handed in, opened, and read and recorded in presence of plaintiff's counsel, who was then in attendance, and who immediately thereafter moved to set it aside upon the ground of the irregularity in question. The trial judge, after a full hearing upon affidavits, granted the motion, although having a doubt as to whether the plaintiff had not waived the irregularity. The communication to the jury having been open and public, and in the presence and hearing of a representative of the plaintiff, no question of public policy, nor of the due and impartial administration of

justice, arises, as in the case of instructions given secretly, or without the knowledge of counsel, (Bank v. Mix, 51 N. Y. 559; Plunkett v. Appleton, 41 N. Y. Super. Ct. 169; and Bunn v. Croul, 10 Johns. 239; and similar cases;) and if it were irregular to give instructions after the adjournment of the court, (and I think it was not in this case, it being so openly done that both sides had notice,) such irregularity will not affect the verdict if it is clear that the plaintiff was not injured thereby. In Mahoney v. Decker, 18 Hun, 365, reviewing the foregoing cases, it was held that an instruction to the jury, which could not prejudice a party, would not affect the verdict, although delivered in the absence of counsel. It is clear that the instruction worked no harm to the plaintiff. It was as follows:

"If the jury find from the evidence that the covering to the coal hole had been in the same condition for many years as at the time of the alleged accident, and that it had never been displaced, or any accident happened on account of it, this will be evidence that it was not defective or insufficient."

As the jury found in favor of plaintiff for $1,000 it is established that they held the coal-hole cover to be defective or insufficient, notwithstanding the instruction; and the plaintiff was not affected in any manner by it, and the irregular mode of imparting it to the jury, if any, is no ground for setting aside the verdict. People v. Flack, 57 Hun, 96, 10 N. Y. Supp. 475. It seems equally clear that the plaintiff waived the irregularity, if any there were, in failing to make objection until after the verdict was received. Her counsel was in court next morning, and present when the jury assembled and delivered their sealed verdict. The defendant's counsel states that immediately after the verdict was rendered the plaintiff's counsel read the affidavit of his assistant, upon which the motion for a new trial was made; and this is not denied, so that it would appear that he knew of the facts before the verdict was rendered. A party is not allowed to take the chances of a favorable verdict, and yet reserve the right to impeach it for known irregularities. Lippus v. Watch Co., (Sup.) 13 N. Y. Supp. 319; Fox v. Hazelton, 10 Pick. 277; People v. Flack, 57 Hun, 96, 10 N. Y. Supp. 475. I think, therefore, that the order setting aside the verdict and granting a new trial should be reversed, (1) because there was no irregularity, the instruction having been given openly and publicly to the jury in presence of a representative of plaintiff's counsel; (2) because the instruction so given worked no injury to the plaintiff; and (3) because any irregularity in giving it was waived. Order reversed, without costs.

PRYOR, J., concurs.

BISCHOFF, J., (dissenting.) This action was one to recover damages for injuries sustained through defendant's alleged negligence, and was, therefore, one in which the parties were of right entitled to a trial by jury. The Code of Civil Procedure (section 976) provides that an issue of fact, triable by a jury, must be tried at a term held by one judge only. Obviously this requires the trial to proceed at a term of the court. The court is "an organized body, with defined powers, meeting at certain times and places

for the hearing and decision of causes and other matters brought before it, and aided in this by its officers, viz. attorneys and counsel, to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands, and secure order in its proceedings." Burrill, Law Dict.; People v. Barrett, (Sup.) 9 N. Y. Supp. 321. And a term of the court is "a definite and fixed period, prescribed by law, for the administration of judicial duties." And. Law Dict. 1022; Horton v. Miller, 38 Pa. St. 271. The judge and officers of the court are, of course, constituents of its organization, but they are not the court, except when regularly convened at the time and place prescribed by law for the exercise of their several functions. People v. Barrett, supra. The mere assemblage, therefore, of a judge and officers of the court at times other than the terms of the court, though at the place designated by law for holding it, is no more than a collection of officers, whose acts, under assumed authority, are coram non judice, and void. Brumley v. State, 20 Ark. 78; Wightman v. Karsner, 20 Ala. 451; Greenwood v. Bradford, 128 Mass. 297; Hawes, Juris. § 27. The "term" of the court is a synonym of the "session" of the court, (And. Law Dict. 942; Bouv. Law Dict. 515; 22 Amer. & Eng. Enc. Law, p. 208;) and the interval between the time when the court temporarily adjourns and the time when it reconvenes is no part of the term, (Com. v. Gove, 151 Mass. 392, 24 N. E. 211; In re Gannon, 69 Cal. 541, 11 Pac. 240.) See, also, People v. Fancher, 50 N. Y. 288. Hence the provision of the Code of Civil Procedure that the trial must be had at a term of the court implies that the trial must proceed before the court, after it has convened, and while it is actually in session.

The charge of the trial judge is part of a jury trial. When, therefore, plaintiff's counsel departed from the court room after the court was regularly adjourned for the day, he had the right, for the reasons hereinbefore stated, to assume that the trial was suspended, and that no further proceedings would be had therein until the court had reconvened at the time to which it was adjourned, though the judge and other officers of the court remained in the court room. For the same reasons it was irregular on the part of the trial judge, after the adjournment, and in the absence of plaintiff's counsel, and without the latter's previous assent, to further instruct the jury at the request of defendant's counsel. Section 992 of the Code of Civil Procedure is not in conflict with the views above expressed. That section merely provides that a jury trial must be regarded as continuing until the verdict is rendered, but nowhere authorizes proceedings in the trial, except before the court, after it is properly convened, and while it is in actual session. What has been said renders it unnecessary to inquire whether counsel may frustrate the giving of further instructions to the jury by voluntary departure from the court room while the court is in actual session. That he cannot has been held in Cornish v. Graff, 36 Hun, 160, and Wiggins v. Downer, 67 How. Pr. 65.

Nor can plaintiff be said to have waived the irregularity because her counsel was in possession of information of all the facts con-

stituting it at the time when the court reconvened on the next succeeding day, and did not ask to have a mistrial declared, and a new trial directed, until after the verdict was proclaimed. In Moore v. Railroad Co., (Com. Pl. N. Y.) 8 N. Y. Supp. 329; Lippus v. Watch Co., (Sup.) 13 N. Y. Supp. 319; Valiente v. Bryan, 66 How. Pr. 302; Gale v. Railroad Co., 13 Hun, 6; People v. Flack, 57 Hun, 96, 10 N. Y. Supp. 475; Riche v. Martin, 1 Misc. Rep. 265, 20 N. Y. Supp. 693, and other reported like cases,—it appeared that the deliberations of the jury had not yet terminated in a verdict when counsel for the party complaining of the irregularity in the trial was aware of the facts constituting it. The court, in those cases, properly held that under the circumstances the conclusion of the trial by rendition of the verdict without objection, where there was ample opportunity to make it, constituted a waiver, and that a party should not be encouraged to speculate upon the chance of a favorable verdict with furtive design to avail himself of the irregularity only if the verdict should prove to be unsatisfactory to him. In the case at bar, however, the court, at the time of the adjournment, had directed the jury to return a sealed verdict. Such a verdict had been actually delivered to the clerk, and the jury dispersed, before plaintiff's counsel became aware of the facts constituting the irregularity. The trial, therefore, was substantially ended at the time. The jury could not be reconvened to reconsider their verdict. Nothing but the formal proclamation and record of the verdict remained. Besides, we should assume, in support of the propriety of the order appealed from, in the absence of facts in the record of this appeal to the contrary, that the learned trial judge who granted the order was justified in his conclusion that the motion for a new trial was made as soon as it could be; and, if that was so, no waiver can be predicated of the fact that it was not made until after the verdict was proclaimed. The order appealed from should be affirmed, with costs.