### WINDER et al. v. POLLACK.

(Supreme Court, Appellate Term, First Department. June 25, 1915.)

TRIAL ⬤⟹317—MISCONDUCT OF JURORS—WAIVER OF ERRORS.

　　Where defendant, with knowledge of the misconduct of a juror, permitted the case to be submitted without bringing the misconduct to the attention of the court, he waived all objections thereto, and cannot, after an adverse verdict, complain.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 751, 752; Dec. Dig. ⬤⟹317.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Winder and another against Julius Pollack. There was a judgment for plaintiffs, and defendant was granted a new trial on account of, the misconduct of one of the jurors, from which order plaintiffs appeal. Order reversed, and judgment reinstated.

See, also, 151 N. Y. Supp. 870.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Meyer Levy, of New York City, for appellants.
John L. Bernstein, of New York City, for respondent.

PER CURIAM. From the affidavits used on the motion for a new trial, and from the testimony given at the hearing, it appears that the judge below must have found that one of the jurors spoke to one of the plaintiffs on Friday at the close of court, and on the following Monday before court opened, and that on the latter occasion he spoke to the defendant also. His conversation with the defendant was an inquiry why the defendant did not settle the case. What his conversation with one of the plaintiffs was does not appear. Defendant informed his counsel of all these facts prior to the submission of the case to the jury on Monday, but counsel took no action thereon. making this motion only after a verdict had been rendered against him and judgment entered thereon.

By permitting the case to be submitted to the jury without bringing the alleged misconduct of the juror to the attention of the court, defendant must be taken to have waived all objections thereto. Moore v. N. Y. Elevated R. R. Co., 24 Abb. N. C. 77, 8 N. Y. Supp. 329;

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Gale v. N. Y. C., etc., 13 Hun, 1; Bruswitz v. Netherlands, 64 Hun, 262, 19 N. Y. Supp. 75.

The order must therefore be reversed, with costs, and the judgment reinstated.