CLAUDE A. WOOLSON, Plaintiff, *v.* WASTON M. WAITE, Defendant.*

Supreme Court, Oswego County, April 23, 1935.

* Affd., —— App. Div. ——.

*Charles J. Yorkey*, for the plaintiff.

*Edgar V. Bloodough* [*Jay B. Kessler* of counsel], for the defendant.

ZOLLER, J. Plaintiff recovered a verdict of $387 against defendant in an action for fraud, involving the sale to plaintiff by defendant of a Studebaker truck in the spring of 1934. The issue was narrow. Plaintiff claimed that the truck was represented to him by the defendant as a 1934 model, but that it was in fact a 1933 model. Defendant admitted it was a 1933 model and his claim was that the truck was sold to plaintiff as a 1933 model, with full knowledge thereof on plaintiff's part.

Defendant's motion is for an order setting aside the verdict for the plaintiff, upon the grounds stated in section 549 of the Civil Practice Act, and particularly upon the ground that the verdict was contrary to the evidence and against the weight of evidence and contrary to law, and also because of the conduct of one of the jurors, who rode to his home in plaintiff's car, along with several of plaintiff's witnesses, after court adjourned for the night on the first day of the trial. The case was submitted to the jury the following noon and their verdict was rendered at three o'clock in the afternoon. The court's attention was not called to this conduct on the part of the juror until after the verdict had been rendered and received. At that time there was no definite charge made by defendant or his counsel that there had been any misconduct on the part of the juror, but it was stated that there was a surmise or supposition of some such misconduct.

If defendant's counsel at the opening of the court on the second day of the trial had moved to withdraw a juror and have a mistrial declared by reason of the fact that one of the jurors had ridden to his home in plaintiff's automobile under the circumstances which did actually occur, it is possible that such a motion would have been granted and a mistrial declared, but counsel made no such motion, nor was the court's attention, as already stated,

called to any such act or conduct on the part of any juror until after the case had been submitted to the jury and their verdict rendered in plaintiff's favor. Counsel had every opportunity to learn what had happened and to determine if there was any truth in what had been reported in time to bring the matter to the court's attention at the opening of the court on the second day of the trial by way of a motion. In fairness to counsel, however, it must be said that they may not have had any certain knowledge of what had actually taken place until after the trial was over. Nevertheless, my understanding is that they had reason and the right to suspect that the juror had been taken to his home by plaintiff in his car, directly after the occurrence had taken place. This, it seems to me, afforded sufficient cause for a motion to be made at the opening of court on the following morning. Having permitted the trial to continue without objections and the case to be submitted to the jury without bringing the alleged misconduct of the juror to the attention of the court, it follows that the defendant waived all objections thereto. (*Gale* v. *New York Central*, 13 Hun, 1; affd., 76 N. Y. 594; *Bruswitz* v. *Netherlands American Steam Nav. Co.*, 64 Hun, 262; *Werner* v. *Interurban St. Ry. Co.*, 99 App. Div. 592; *Winder* v. *Pollack*, 154 N. Y. Supp. 105.)

A somewhat difficult question to decide is whether the verdict for plaintiff as found by the jury was against the weight of evidence and should be set aside accordingly. The verdict was for $387 damages. Presumably this amount was arrived at upon the basis of the difference between the cost of the truck to plaintiff, namely, $1,074, and the fair market value of the truck, as testified to by plaintiff's witnesses, namely, $700 (although one witness put the value at $700 to $750), which is the sum of $374, to which was added the sum of $13 as interest for seven months. Plaintiff was allowed $324 for his old truck on the trade, which left an unpaid balance of $750 on the purchase price of the new truck. He made no further payments on the purchase price, although he used the truck and drove it nearly 9,000 miles before it was repossessed by the finance corporation, in about three months' time, on August 31, 1934. Defendant furnished with the truck, without further cost to plaintiff, such a rack as plaintiff asked for and as he needed for drawing paper from Oswego to Carthage, for which, it seems, he had a certain contract.

The various details of the transaction between plaintiff and defendant were testified to by plaintiff and several witnesses in his behalf and by defendant and several witnesses in his behalf. There was a very narrow and sharp issue of fact for the jury to decide. The issue was simply this: Did defendant sell the truck

to plaintiff as a 1933 or as a 1934 model? The sale took place the latter part of May, 1934. Plaintiff said he was told by defendant that it was a 1934 model, whereas defendant said he sold it to plaintiff as a 1933 model. In other words, defendant conceded the fact that it was a 1933 model and sought to prove that it was sold as such. As part of this proof there were certain documents introduced and admitted in evidence. They consisted of various papers generally used in transactions of this kind, such as an order, a purchaser's statement and a conditional sales contract. Their terms referred to a 1933 Studebaker truck. It was also shown by defendant that plaintiff received a bill of sale of the new truck at the time the necessary registration papers were filled out in the early part of June, 1934, and that he read the bill of sale and took it away with him. Plaintiff failed to deny this and he likewise failed to produce the bill of sale upon the trial. The evidence showed that following the delivery of the truck to plaintiff and the completion of the transaction between the parties, their relationship was friendly and apparently continued so until the finance corporation, with offices in the city of Watertown, found it necessary to repossess the truck on August 31, 1934, because of plaintiff's default in the payment of the monthly installments which became due on July first and August first. The truck was sold at public auction at defendant's place of business sometime after August 31, 1934, and was bid in by defendant. Thereupon plaintiff brought his action against the defendant, claiming damages by reason of his false and fraudulent representation that the truck was a 1934 model.

It was plaintiff's burden to establish his cause of action by a fair preponderance of the proof, that is, by testimony somewhat more conclusive and creditable than that produced by defendant. Plaintiff did not ask damages by reason of any breach of contract, but he sought to recover damages on account of the fraud and deceit of defendant. My conclusion is that the verdict in plaintiff's favor was against the weight of evidence and should be set aside.

The power of the trial judge to set aside a verdict which is contrary to the evidence has long been recognized; its exercise rests in sound judicial discretion, based on a careful consideration of the evidence. A trial judge has responsibilities as well as the jury, and he is more than a mere figurehead or umpire between the parties. (*Hogan* v. *Franken*, 221 App. Div. 164; *Birenbaum* v. *Rogers Silver Co.*, 215 id. 88; *Colebourn* v. *New York Central R. R. Co.*, 214 id. 807; *O' Keeffe* v. *O' Keeffe*, 208 id. 750; *Boos* v. *Field*, 192 id. 696.) As stated by the court in *Barrett* v. *Third Ave. R. R. Co.* (45 N. Y. 628, 632): " Motions to set aside verdicts

as contrary to evidence * * * are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end."

In order for this plaintiff to recover a verdict against this defendant, it was necessary for plaintiff to establish by a fair preponderance of the proof that defendant had made a false representation, which was calculated and intended to influence him and which was false to the knowledge of the defendant, and that plaintiff acted in reliance upon the statement in good faith and was deceived and damaged thereby. (*Kountze* v. *Kennedy*, 147 N. Y. 124; *Thayer* v. *Schley*, 137 App. Div. 166.) It was plaintiff's burden of proof to establish separately and independently all these essential constituents. Fraud is never presumed and may not rest alone on supposition or conjecture, but must be proved by a fair preponderance of the evidence.

I am satisfied that the jury failed to comprehend and understand the nature of the action which was tried before them, although the issues were carefully and clearly developed by counsel during the trial and presented in their summations, and although the charge of the court was a clear and comprehensive exposition and explanation of the law applicable to an action of this kind. It seems to me that substantial justice has not been done and that in the exercise of sound discretion the verdict of the jury must be set aside.

Motion of defendant to set aside verdict granted.