Louis J. Capozzoli, J.
The complaint alleges two causes of action, the first for breach of contract and the second in fraud. Three defendants are named but the only one remaining as the sole defendant is the Roberts Numbering Machine Company, because the defendants Roberts Businesses, Inc., and Andrew CL Doukas did not appear.
In the first cause of action plaintiff alleges that a contract was entered into by him with Doukas, acting on his own behalf and on behalf of the two above-mentioned companies, whereby plaintiff agreed to transfer to the defendants capital stock in Universal Products Corporation, which represented plaintiff’s controlling interest therein. In return, it is claimed by the *19 plaintiff that the defendants, the.Roberts Numbering Machine Company and Roberts Businesses, Inc., were to pay $500; to indemnify the plaintiff against all debts and obligations of Universal; to merge its operations with those of the two Roberts Companies and, further, to employ plaintiff for the period of one year as sales manager, at a salary of $12,000. Plaintiff claims nonperformance and asks for damages in the amount of $20,882.60.
The second cause of action sets forth some of the allegations contained in the first cause of action, and, in addition, plaintiff asserts that Doukas, acting for both Roberts Companies, falsely represented that the two Roberts Companies were adequately financed, that the Roberts Numbering Machine Company had a substantial backlog of bona fide orders to provide continuous work for at least one year and that the defendant, Roberts Businesses, Inc., was a holding corporation for various operations of the Roberts Numbering Machine Company, for the purpose of acquiring other plants and businesses in the expansion of the latter company.
The answer of the Roberts Numbering Machine Company consists of general denials, denials of authority on the part of Doukas to bind it and denials as to the acts of Doukas. It also sets up affirmative defenses under the Statute of Frauds and counterclaims.
After a careful review of all the evidence adduced at the trial, the court concludes that the plaintiff has failed to sustain the burden of proof, as required by law, insofar as his second cause of action based in fraud is concerned. The claim of the plaintiff in short is that the defendant, the Roberts Numbering Machine Company, through its agent, Doukas, misrepresented its intention with regard to the future of Universal Products Corporation and of its intention to finance and merge same.
"Fraudulent acts will not be presumed nor can they be based merely on suspicion, conjecture or doubtful inference. Here, as elsewhere, fraud must be established by clear and convincing factual proof.” (Lynch v. Gibson, 254 App. Div. 47, 51, affd. 279 N. Y. 634.)
“Fraud is never presumed and may not rest alone on supposition or conjecture ”. (Woolson v. Waite, 158 Misc. 764, 768, affd. 247 App. Div. 855.)
‘‘Where evidence is equally as consistent with innocence as with wrong-doing, the innocent construction must be adopted.” (Ochenkowski v. Dunaj, 232 App. Div. 441, 442; also, see, Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144.)
*20 TMs court is in accord with the claim of the plaintiff that a statement of a present intention to perform an act is a statement of fact and if it can be proven that there was no such intention at the time the statement was made, then there is actionable fraud. (Adams v. Gillig, 199 N. Y. 314.) However, the difficulty with the plaintiff’s case, so far as his fraud action is concerned, is not due to any lack of authority showing that a misrepresentation of intention is actionable, it is rather due to the fact that the evidence by the plaintiff falls far short of the requirement that, in an action for fraud, the evidence in support thereof must be clear and convincing. Therefore, it is the court’s conclusion that the plaintiff has failed to sustain the burden of proof imposed upon him by law and the fraud action is dismissed.
A different situation is presented as to the cause of action for breach of contract. The court is convinced, from all the evidence in the case, that the conduct of the defendant, Roberts Numbering, in allowing Andrew Gr. Doukas to set himself up as the duly authorized officer of the company, with authority to act on its behalf, now precludes that defendant from urging the argument that Doukas had no authority to act for it. The evidence adduced at the trial, showing the actions taken by Doukas, the fact that he was set up with a private office on the very premises of the company, especially built for him, having been introduced by one, Loushay, the president, as the new owner of the company, and many other activities of Doukas, too numerous to mention, all of which were known,, or should have been known, to the defendant, Roberts Numbering, have convinced the court that this defendant should not be allowed to say that, whatever was done by Doukas was done without its authority and consent. (See: 2 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 449.) At page 346 of the last cited text there is the following: “If a private corporation intentionally or negligently clothes its officers or agents with apparent power to perform acts for it, the corporation will be estopped .to deny that such apparent authority is real, as to innocent third persons dealing in good faith with such officers or agents.”
Again, at page 360: “ As this rule rests on the doctrine of estoppel in pais, it cannot be invoked unless the person setting up the estoppel relied upon the conduct of the corporate agent in his transactions with the corporation.”
The plaintiff had a right to, and did, rely on the picture presented to him, which picture was created and allowed to be presented to the plaintiff by the conduct of the defendant, *21 Roberts Numbering. Hence the defendant should be estopped from questioning the authority of Doukas. Therefore, the court finds that the plaintiff is entitled to recover under the first cause of action.
This leads the court to a consideration of the damages which are to be awarded to the plaintiff. Under the first cause of action the plaintiff demands judgment for $20,882.60. This amount includes an item for $10,715.86 loss of earnings for wrongful discharge, as disclosed by the plaintiff’s bill of particulars, in paragraph ‘ ‘ Tenth ’ ’. The court is satisfied, from all the evidence in the case, that, while there was a hiring of the plaintiff as sales manager, it was a hiring at will and not for the specific period of one year. The court is strongly supported in this conclusion by the testimony of the plaintiff himself, more particularly that appearing in the stenographer’s minutes, beginning at page 175 and continuing through 183-a. The failure of the plaintiff to mention this important element in his own version of the agreement, as set forth in plaintiff’s Exhibit 4 and defendant’s Exhibit Q-, makes his story of the hiring for one year unbelievable.
The plaintiff further points to an allegation contained in the sworn complaint in the injunction action, in the Superior Court of Massachusetts, wherein it was set forth that the plaintiff “ is an employee of a parent corporation in New York; paid an annual salary ”, as an admission that he was hired for the definite term of one year. This contention is untenable. The law is well settled that an employment at a specified rate per year is not an employment for a year. If no time is specified, ‘ ‘ ‘ the fact that the compensation is measured at so much a day, month or year does not necessarily make such hiring a hiring for a day, month or year, but that in all such cases the contract may be put an end to by either party at any time ’ ”. (Martin v. New York Life Ins. Co., 148 N. Y. 117,121; also, see, Watson v. Gugino, 204 N. Y. 535.) Therefore, for the reasons noted, the court will not allow any part of the item for wrongful discharge as damages.
A further item of damages claimed by the plaintiff in the first cause of action is based on the allegation that he was to be indemnified against all debts and obligations of Universal. There was a complete failure of proof on the part of the plaintiff on this point. A reading of pages 23 and 24 of the stenographer’s minutes discloses the following testimony by the plaintiff: “ Q. What did you say, Mr. Winslow, when he offered to pay you $500. for the stock? A. I told him that it was a very insignificant sum, considering the amount that I had at stake. *22 And he told me that he would pay me a salary of $12,000. a year and all expenses, and that if things went well he would pay off all the obligations of the company, which would get me back my $25,000. and he would make some arrangement for me to participate in some fashion in the profits.” (Emphasis ours.)
The language reported to the court by the plaintiff himself creates no contractual obligation on the part of the defendant, Roberts Numbering, to indemnify plaintiff against losses of his company. It was a hope that, if things went well, those obligations of the company would be paid. The result of the venture speaks for itself. Certainly things have not gone well. Therefore, this claim of the plaintiff is disallowed.
This case was tried by the court without a jury. Findings of fact and conclusions of law were waived by both sides.
The actionable damages under the first cause of action which have been proven to the satisfaction of the court amount to $7,016.74 and judgment is directed in favor of the plaintiff in said amount, with interest from November 10, 1956.
The counterclaims of the defendant are dismissed.
All motions, decision of which was reserved and not otherwise disposed of, are denied.
The foregoing constitutes the decision of this court in accordance with section 440 of the Civil Practice Act.