Birdie Amsterdam, J.
This nonjury action is predicated upon an alleged breach of a written retail installment contract entered into between plaintiff and the defendants. Defendants seek to resist payment upon the claim of fraud in the inducement.
The contract concerns plaintiff’s sale to defendants on the installment payment plan of a refrigerator-freezer combination at the agreed price of $1,342.80. Executed on March 15, 1960, the contract provides for 36 monthly installments of $37.30 each, *873 commencing April 28, 1960, with acceleration of all payments, at plaintiff’s option, on 10 days’ continued default of any installment.
The freezer was delivered to the defendants on March 17, 1960. They concede they never made a complaint, nor do they now in respect of its condition or functioning. They further concede they have made no payments whatever on the appliance although they have made use thereof and still retain it. They contend, by way of affirmative defense, that plaintiff’s salesman represented to them that plaintiff ‘ ‘ would satisfy all of the food needs of the defendants and the members of their family for not more than $100.00 per month that they believed the representation to be true, relied thereon, and were thereby induced to execute the contract; that their reasonable food requirements could not and were not thereafter provided for the sum so represented; that they wrote plaintiff on May 4, 1960, that they elected to rescind the contract. At this point it is to be noted that the contract itself makes no mention whatever of food supply to or purchase by the defendants. This will be discussed further hereinafter.
Defendants are husband and wife. He is a police officer — she takes care of the household. They have three infant children aged one, five and seven years, respectively. The husband testified that, pursuant to an advertisement issued by plaintiff concerning a food freezer plan, he wrote the plaintiff for information. Thereupon a sales representative of the plaintiff called upon the defendants. They discussed and told him of their eating habits and that they expended $25 a week for their food requirements. Therewith the salesman prepared an itemized list of specified foods, consisting of groups of varied packaged meats, groceries, dairy products, vegetables, etc., for use over a four-month period. Defendants claim he told them that the cost of the freezer and their food needs would be $95 to $100 per month. They admit that prior to signing the contract they carefully went over said prepared list and they suggested extra items, which were added thereto, all for the total sum of $260; that they were also given a food plan certificate, by which they were entitled through the North Shore Pacldng Co., Inc. (which is designated as the exclusive food purveyor for plaintiff), to certain benefits therein specified, to wit: free home delivery of food, freedom of selection with no minimum requirement, free home-economist service to assist with food orders, custom cutting of meats to personal specifications, the privilege of purchasing food at volume savings prices, unconditional guarantee of all meats as to quality, guaranteed to be United States Govern- *874 meat inspected prime and choice grades only, and nationally advertised brands of groceries. Admittedly defendant husband signed a statement that he understood the service was not on a trial basis and that on or about March 24,1960 the defendants received each and every one of the specified itemized foods as per the afore-stated list.
Defendants testified that about a week thereafter they realized that the food would not last for a four-month period; that they tried to contact the salesman by telephone but were unsuccessful; that on May 4,1960 they caused a letter to be sent by their attorney to plaintiff demanding it take back the freezer and rescinding the contract. They admitted that their food needs fluctuated from time to time; that they consumed all the food (which they paid for after being advised to do so by their attorney) ; and that they utilized the freezer in the interim period.
The issue therefore presented is whether defendants established their defense of actionable fraud in the inducement of the contract for the sale of the freezer.
The law is well established and needs no citation of authority for the holding that the essential elements of ‘1 fraud ’ ’ are representation, falsity, scienter, deception and injury. The representation must be definite and specific, materially false, made with the speaker’s knowledge of its falsity, with fraudulent intent, and must be relied upon by the other party who must be ignorant of its falsity and caused to suffer loss. Averments of mere opinions and promises of indefinite matters are not sufficient. The false representation relied upon must relate to a past or existing fact, or something equivalent thereto, as distinguished from a mere estimate or expression of opinion (Benz v. Kaderbeck, 241 App. Div. 583, 585). Fraud must be established by clear and convincing factual proof (Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, 158, affd. 272 N. Y. 360 ; Fein v. Starrett Television Corp., 280 App. Div. 670, 673 ; Lynch v. Gibson, 254 App. Div. 47, affd. 279 N. Y. 634). Fraud may not rest alone on conjecture or supposition (Woolson v. Waite, 158 Misc. 764, 767, affd. 247 App. Div. 855).
Mindful of these legal authorities and principles enunciated, we test the facts adduced and the defense in the light of the foregoing pronouncements. The basic problem presented is whether defendants can establish upon all the evidence misrepresentation by plaintiff or its agent, and reliance upon the misrepresentation. Viewing the contract itself, it speaks only of a “ freezer ” giving its make, model and serial number. Nothing else but the conditional sale of a freezer is provided for in this contract. Nowhere are the sale and payments *875 therefor conditioned upon the additional sale to defendants, and purchase by them of foods, etc., nor is any mention made of same. The written contract sued on herein contains and constitutes the entire agreement between the parties and makes no reference to or incorporation therein of any supplemental agreement relating to foodstuffs, groceries and the like. It contains the further proviso that “ This is our entire agreement and cannot be changed orally.
“NOTICE TO THE BUYER
“ 1. Do not sign this agreement before you read it or if it contains any blank space.”
Were we dealing here with a generally vague contract or illiterate defendants, our task would be simple. Here, however, we have defendants who are sophisticated, intelligent individuals. Their own testimony established that they were well aware of the food requirements for their entire family; that they were well aware of the fluctuations of their food needs. I am satisfied, and the only inference I can draw upon the sum total of the evidence before me, is that they well knew what they were signing as far as the contract for the freezer was concerned and that they knew what they were buying and that the purchase of the freezer was not on a trial basis. Insofar as the alleged representation by plaintiff’s salesman is concerned, I conclude his statements to the defendants cannot be considered to constitute other than his opinion — a mere estimate of the food supply necessary to satisfy the possible food consumption of defendants’ family, consisting of two adults and three infants. In my opinion it was nothing more than an estimated opinion to which the law of fraud does not extend. Moreover, the proof is not clear and convincing that defendants placed reliance upon the representation they allege. Obviously they knew better than the salesman the extent of their food requirements. As herein-before stated, they carefully examined and went over the itemized list prepared for them by the salesman and they made quite a number of additions and changes thereto.
In light of the evidentiary facts adduced and the circumstances presented, a finding of fraud in the inducement is not warranted.
Accordingly, it is my considered view and I am persuaded to the ultimate conclusion that no actionable fraud has been demonstrated and that plaintiff is entitled to recover for the sale price of its freezer. Judgment is directed in its favor against the defendants in the sum of $1,342.80, together with the costs and disbursements of this action,