■ COOPERS & LYBRAND, Respondent, v AROL DEVELOPMENT CORPORATION, Appellant, et al., Defendant. [621 NYS2d 24] —Judgment, Supreme Court, New York County (Walter Relihan, J.), entered July 20, 1993, after nonjury trial, in favor of plaintiff Coopers & Lybrand ("C&L") and against defendant Arol Development Corporation ("the Corporation") in the sum of $221,282.01, inclusive of interest, and which dismissed all causes of action in the complaint against defendant Arol Buntzman ("Arol"), unanimously affirmed, with costs.

Appeals from an order of the same court and Justice, entered on or about June 2, 1993, which granted the motion by plaintiff C&L seeking to admit the deposition testimony in a different action into evidence, and order of the same court and Justice, entered June 29, 1993, upon which the judgment was based, unanimously dismissed as subsumed in the appeal from the judgment, without costs.

The trial court, in determining that the Corporation, which

was founded by David Buntzman ("David") and operated by his son, individual defendant Arol, was estopped to deny Arol's authority to hire plaintiff C&L, an accounting firm, to review and analyze the corporate books and records of the Corporation *(Central N. Y. Realty Corp. v Abel,* 28 AD2d 50, *affd* 22 NY2d 963), properly based its determination on apparent authority, based primarily upon consideration of the witnesses' credibility *(Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 49, *lv denied* 70 NY2d 610; *Winslow v Roberts Numbering Mach. Co.,* 17 Misc 2d 18).

" 'On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " *(Thoreson v Penthouse Intl.,* 179 AD2d 29, 31, *affd* 80 NY2d 490).

The trial court, after careful consideration of the witnesses' testimony and the evidence, specifically found that David and the Corporation were estopped from denying that Arol had authority to enter into the contract with plaintiff C&L for professional services on the Corporation's behalf since David and the Corporation had engaged in conduct, including their continued condoning of Arol's unfettered control and operation of the corporate day-to-day business and their inordinate six year delay in seeking to oust Arol after learning of his alleged fraud and misappropriation of stock, which gave rise to a reasonable belief on the part of plaintiff C&L, that Arol, in fact, had authority to act on behalf of the Corporation *(Greene v Hellman,* 51 NY2d 197, 204).

Nor did the trial court improvidently exercise its discretion in admitting into evidence and placing reliance upon the deposition testimony given by David Buntzman in another action, which was materially inconsistent with his testimony at trial concerning Arol's corporate authority, in determining that defendant Arol had apparent authority to bind the Corporation to the contract with plaintiff C&L. Concur—Kupferman, J. P., Ross, Williams and Tom, JJ.