### Milo A. Daniels, Respondent, v. Joseph W. Smith, Appellant.

Although a finding of fact by a referee is wholly unsustained by evidence, if not excepted to, no legal question is presented which the court may pass upon.

An exception in terms to the referee's conclusion of law cannot avail the party excepting, if such conclusion was required by the findings of fact on which it was based.

Upon a trial before a referee defendant presented requests to find, which were refused. He thereupon excepted as follows: Defendant separately excepts "to the refusal of the referee to find each of the several seventeen conclusions submitted to the referee by the said defendant so far as the referee's conclusions are not in conformity therewith." *Held*, that such exception was not sufficiently definite and specific to present a question for review.

(Argued January 21, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 16, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The following is the opinion in full:

" The complaint alleged an indebtedness on the part of the defendant for goods sold, services rendered, money loaned and a balance due from the proceeds of a saw-mill owned by the defendant and operated by the plaintiff under an agreement that he should have one-half of the earnings thereof for his services. The answer put in issue the allegations of the complaint, set up a counter-claim and prayed for an accounting of the business done at the saw-mill.

" The referee found in favor of the plaintiff in the sum of $570.79, and his findings come to us approved by the General Term.

" The appellant, however, seeks to press upon our attention his claim that the referee erred in his first, third and tenth findings of fact, in that there is no evidence to support them. But his exceptions do not permit their review. Where a finding of fact is wholly unsustained by evidence, it is deemed a ruling on a question of law which, if excepted to, presents a

legal question which this court · may pass upon.    (*Halpin* v. *Phenix Insurance Company*, 118 N. Y. 165.)

" The defendant did not except to either of the findings of which he complains.    He did except in terms to the referee's conclusion of law, but that exception cannot avail him because it was required by the findings of fact on which it was based. Nor can he call in question the refusal of the referee to find as requested by him, because not properly excepted to.    His only exception in that regard is as follows :

" ' The defendant also separately excepts to the refusal of the referee to find each of the several seventeen conclusions submitted to the referee by the said defendant so far as the referee's conclusions are not in conformity therewith.'

" An exception thus taken is not sufficiently definite and specific to present a question for review.    (*Newell* v. *Doty*, 33 N. Y. 83 ; *Ward* v. *Craig*, 87 id. 550.)

The other exceptions to which our attention is directed, have reference to the admission of testimony to which the defend- ant objected on the ground that the plaintiff was attempting to show the contents of a written order by parol, and a subse- quent refusal to strike out the testimony objected to and similar testimony of other witnesses not objected to on the same ground.    The plaintiff testified without objection that October 1, 1873, the defendant asked him for a loan of $150 for three days ; that one Clark was owing him that amount for house rent, and he gave the defendant an order on Clark for such amount, who gave him the money.    Subsequently the defendant paid $60 on account of the loan, the ·balance remain- ·ing unpaid at the time of the trial.    No motion was made to strike out this testimony until after the evidence was all in. The defendant instead attempted to controvert it.    He testi- fied that he had no recollection of such a transaction, while Clark asserted positively that he never received such an order and did not give the defendant any money.    In rebuttal, the plaintiff called Mrs. Daniels, who testified that she was present when the plaintiff gave Smith the order for $150.    Then, for the first time, the objection now assigned for error was made. No motion was made in that connection to strike out all the evidence in the case relating to that subject, and it was not,

therefore, legal error for the court to receive this further testimony on a subject with reference to which the defendant's witnesses had testified fully, even should it be conceded that were the circumstances otherwise the objection would have been well taken. But the admission of the evidence can be supported on other grounds. No recovery was sought to be had on the order. It was collateral merely. The plaintiff testified to the loan of money. The manner in which it was obtained for the defendant he describes as accomplished by means of an order on Clark. The order was not in his possession, for according to his testimony, he had given it to the defendant nearly twelve years before, and the defendant denied having it.

"In view, therefore, of the temporary nature of the order, the length of time since its use, the fact that it had long before accomplished its purpose and its collateral character, parol evidence characterizing the writing and stating the amount for which it was drawn was admissible. (*Grover* v. *Morris*, 73 N. Y. 479; *Chrysler* v. *Renois*, 43 id. 212; *Bowen* v. *Nat. Banks*, 11 Hun, 226; *M'Fadden* v. *Kingsbury*, 11 Wend. 668; *Jackson* v. *Root*, 18 Johns. 60.)

"The judgment should be affirmed."

*H. W. McClellan* for appellant.

*Charles E. Patterson* for respondent.

PARKER, J., reads for affirmance.
All concur, except LANDON, J., not sitting.
Judgment affirmed.