O’Brien, J.
We have considered the points submitted in support of this motion and we are of the opinion that it should be denied. A former adjudication upon the question at issue is conclusive as a bar or as evidence. It is said that the proceedings resulting in the writ of mandamus were not pleaded, and, therefore, are not available to the defendant. The fact, however, is found by the trial court and it was not excepted to. Under such circumstances effect must be given to the finding. This court will assume that the evidence upon which the fact was based was received without objection and that the absence of a pleading was waived. If the finding had been excepted to, the plaintiffs could raise the point now that it was not sustained by evidence or pleading, but as no such exception appears they are in no position to *738 attack it. Daniels v. Smith, 130 N. Y., 696; 42 St. Rep., 644. . But clearly one of the issues presented by the pleadings was the power of the executive board to pass the resolution and enter into .the contract. A former adjudication in which that point was determined was evidence for the defendant on that issue, and the judgment upon the application for a mandamus was such an adjudication. Culross v. Gibbons, 130 N. Y., 447; 42 St. Rep., 527.
The common council had no power to make the contract, but the executive board had. Therefore, in entering into such contracts the board represents the city in the same sense that the mayor and common council would represent it if the duty devolved upon them, and a judgment in an action or proceeding against the board to compel them to act with respect to the awarding of the contract, in which it is decided that the board has the power and it is their duty to proceed, estops the city. The board, in such matters, represents the city in the same way that the board of supervisors represents the county in auditing claims .against it under the direction of a judgment. It is true that this point was not argued, but the finding necessarily injected it into .the case.
Whether the plaintiffs were privies or not, depended upon the legal conclusion to be drawn from the finding of the court, and not from any designation given them in the stipulation. • That is satisfied when construed to mean that none of these plaintiffs were parties to the record or stand in the place of any person who was by succession or transfer.
The motion should be denied, with costs.
All concur.