(19 Misc. Rep. 605.)

### SOMMER v. OPPENHEIM et al.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

1. TRIAL—INSTRUCTIONS—OMITTING PART OF REQUEST.
   It is not error to omit part of a request where the portion charged contains the whole law, and the part omitted was unnecessary, either by way of explanation or amplification.

2. FRAUD—DEGREE OF PROOF.
   A charge of fraud in a civil action need not be proved beyond reasonable doubt, though it is in the nature of a crime.

3. PAROL EVIDENCE—COLLATERAL MATTERS.
   Parol evidence is admissible as to writings which are not the foundation of plaintiff's claim, but collateral and incidental.

4. WITNESSES—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
   Directions given to an attorney as to the drawing of a deed are not privileged communications.

Appeal from city court of New York, general term.

Action by Rudolph Sommer against Leo Oppenheim, interpleaded with Edward J. H. Tamsen, sheriff, to recover certain cloth alleged to be the property of plaintiff, and to be in possession of defendant Tamsen, as sheriff, and to be claimed by defendant Oppenheim, and

to be wrongfully detained from plaintiff by both defendants. Defendant Oppenheim alone defended, setting up a right to possession under a chattel mortgage. From an affirmance of the judgment entered on a verdict in favor of plaintiff (41 N. Y. Supp. 1132), defendant Oppenheim appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Murray Downs and B. Gershon Oppenheim, for appellant.
Arthur Furber and Abr. R. Joseph, for respondent.

DALY, P. J. The cloth which the plaintiff sued for had been sold by him to the firm of E. M. Hein & Co. on July 2, 1895, and the issue tried was whether the sale was procured by the fraud of the vendees; and whether the plaintiff had the right to retake the property from the defendant Oppenheim, to whom the vendees had given a chattel mortgage upon the cloth and other property, to secure an indebtedness to him. Upon this appeal we are required to examine the defendant's exceptions to his motions to dismiss the complaint for insufficiency of proof of fraud, and his exceptions to rulings of the court upon the evidence, and to instructions given to the jury.

The facts disclosed by the evidence required the submission to the jury of the question of fraud. There was testimony of false representations inducing the sale, and of facts supporting the inference of a general scheme on the part of the vendees to defraud their creditors. It was testified that E. M. Hein represented to the plaintiff that his firm owed nobody, and was not indebted for borrowed money, and that the goods were sold upon that representation; whereas the fact was that the firm at that time was largely indebted for borrowed money, and for merchandise; that this defendant Oppenheim held their note for $6,000, made less than three weeks prior to the purchase from the plaintiff, on July 2, 1895; that at that time the firm owed another creditor $3,733.78 for merchandise, and another creditor over $8,000 for merchandise and loans. It was also shown that within about two months of the failure of the vendees, which occurred September 14, 1895, they had purchased large quantities of goods from many merchants, opening new accounts, sometimes upon representations of solvency, and resorting to questionable expedients to get goods upon credit; that they failed, owing $20,000 for merchandise and $30,000 for borrowed money; that just before the failure Hein tried to sell out the stock for $20,000, and, not succeeding, gave a mortgage to Oppenheim for $13,516.99 to secure the note of $6,000, already referred to, and certain demands, in favor of relatives or connections, which had been assigned to the mortgagee; that the mortgage was given September 17, 1895, the day before the levy by the sheriff in favor of another creditor; that the mortgagee took possession the day of the levy, and, having replevied the goods from the sheriff, afterwards disposed of them to Jacob Cohen, the brother of Mrs. Hein, who was the mother and partner of E. M. Hein, and the "Company" of E. M. Hein & Co., for $13,000; that Cohen sent the goods to Newark, N. J., and opened a store there with them putting in E. M. Hein as salesman, and his younger brother as manager. Without reciting all the

evidence, it is sufficient to say that there was ample support for the finding by the jury of a fraudulent scheme by which goods were to be obtained without paying for them, and then transferred to friendly parties, who would place them again under the control of the debtor, to hold against the defrauded creditors. It was not error, therefore, for the trial judge to deny the motions to dismiss the complaint.

It being incumbent upon the plaintiff to prove demand for the goods from the mortgagee before suit brought, evidence of such demand was given, but an issue was raised on that point by testimony offered on behalf of the defendant. That issue was submitted to the jury with the instruction that no recovery could be had against the defendant unless the jury found that the demand had been made. The defendant asked for specific instructions upon that point as follows:

"Fifth. That the defendant in this action, Leo Oppenheim, having come lawfully into the possession of the property, no recovery can be had against him unless the jury find affirmatively that there was a demand made of him for the return of the goods in question before suit was instituted; and the burden of proving this rests upon the plaintiff; and that, if they find the evidence equal and balanced on that point, then the verdict must be for the defendant."

The court charged the request, omitting the words: "That if they find the evidence equal and balanced on that point, then the verdict must be for the defendant," and defendant excepted. As the court had already charged at the defendant's request: "Second. That the burden is on the plaintiff to establish the issues in this action by a preponderance of evidence,"—it was not necessary to repeat that instruction with respect to this particular issue.

The other request for instruction upon the subject of the demand was:

"Eleventh. The plaintiff alleges a demand made on the defendant Oppenheim in his complaint, and it is as necessary for him to prove this demand, in order to recover in the action, as it is for him to prove any other part of his cause of action. If no demand was actually made, as testified to by Joseph, then the plaintiff cannot recover, no matter should the jury find that the goods sued for were obtained by fraud, and at a time when Hein & Co. were insolvent."

The court charged the request, omitting the last part, "no matter should the jury find that the goods sued for were obtained by fraud, and at a time when Hein & Co. were insolvent," and defendant excepted. The portion of the request charged contained the whole law, and the part omitted added no force to it, and was unnecessary, either by way of explanation or amplification. It could not strengthen the broad proposition, twice charged, that the plaintiff must prove a demand in order to recover.

On the issue of fraud the court was asked to charge:

"Third. That the charge against the firm of Hein & Co., which is the basis of the plaintiff's claim herein, is in the nature of a crime, must be established to the entire satisfaction of the jury before any recovery can be had herein; that the jury is not at liberty to guess or speculate upon this charge, but it must be established by clear, satisfactory, and convincing evidence; that the presumption of law is in favor of the innocence of the members of said firm of any such charge."

The court charged the request, omitting from it the words, "Is in the nature of a crime," and the words, "That the presumption of

law is in favor of the innocence of the members of said firm of any such charge." Had a separate request been made for an instruction upon these omitted portions, it is probable a different question would be presented from that raised by the defendant's exception in this case. In Price v. Heath, 41 Hun, 585, an instruction "that the charge of fraud against the assignors of the defendant is of the nature of a crime, and cannot be presumed, but must be established by evidence, and that the defendant is entitled, in the judicial consideration of the proofs, to the application of the rule that the presumptions of law are in favor of the innocence of the person accused," was held to be proper, on the ground that it was merely a request "that, in order to find fraud, there must be evidence sufficient to overcome the presumption of fairness and good faith." The request in that case was almost in the language of the opinion of the court of appeals (Morris v. Talcott, 96 N. Y. 100–107):

"That the fraud charged against the defendant herein is of the nature of a crime, and cannot be presumed, but must be established by evidence. * * * While it is true that it may be proved by circumstantial evidence, and the inferences legitimately deducible therefrom, yet the defendant is entitled, in the judicial consideration of the proofs, to the application of the rule that the presumptions of law are in favor of the innocence of the person accused."

But the opinion goes on to say:

"The party, therefore, relying upon the establishment of a cause of action, or a right to a remedy against another, based upon the alleged commission of a fraud by such person, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt in order to maintain his claim."

The instruction asked by the defendant in this action went far beyond these authorities, or any which can be found in the books with reference to the proof of fraud in a civil action. Although the charge against the defendants was "in the nature of a crime," they were not tried for the crime, and it was not necessary to prove the charge beyond a reasonable doubt; yet such was the effect of the instruction asked, that it "must be established to the entire satisfaction of the jury." Plaintiff was only required to establish it by facts necessarily tending to establish probability of guilt. Morris v. Talcott, above.

As the defendant was not entitled to the instruction as a whole, no exception will lie to the refusal to charge the whole; and, if any portion were omitted which it was proper to ask, a separate request should have been made for that portion.

The court was asked to charge:

"Sixth. That before the jury can determine that there were any contemporaneous acts committed by the said firm, they must find false and fraudulent representations made by the members of said firm to other parties previous to and as the inducement of a sale to them. Any statements made after a sale to such firm cannot be regarded by the jury as evidence of such fraud."

The court charged the foregoing request, omitting the last sentence, and the defendant excepted. The omitted portion is so obscure and ambiguous that no error was committed in refusing to charge it. If it means, as claimed by appellant in his brief, that fraudulent statements made to other vendors are not evidence in favor of the plaintiff, unless brought to his knowledge, it is an untenable proposition in this

case, for here the dealings with other vendors were offered to prove a general scheme of fraud, and not to establish a false representation relied upon by the plaintiff.

Defendant excepted to an instruction given at plaintiff's request:

"That if these goods were obtained by Sommer upon the representations made by Hein, which were false, and if Sommer relied upon them, it is immaterial whether Hein expected to pay for them when the bill became due. Hein's intention then is immaterial."

This instruction is claimed to be erroneous on the ground that "it is a settled rule that the allegata and probata must agree; the latter must support the former"; but there was no question of pleading in this case, since the fraud entitling the plaintiff to recover was not the subject of his pleading, the complaint only averring his ownership; that ownership being established by proof of fraud. The instruction, taken in connection with the whole charge as previously made, and all of the instructions given at defendant's request, amounted to this: that, if the jury found false representations on the part of Hein inducing the sale by plaintiff, it was immaterial whether Hein, in addition to that fraud, had an intention not to pay for the goods. The expression, "Hein's intention then is immaterial," had no reference to his intention in making the false statement, but to an intention not to pay.

The exceptions to rulings upon the evidence are very numerous. Most of them raise the question of the admissibility of the proof of transactions between the debtors, Hein & Co., and other creditors, before and after the sale by the plaintiff, and up to the time of the failure. These transactions were offered to show the general scheme of fraud and the acts and declarations of the debtors as part of the res gestæ. A wide latitude of proof is allowed in such cases. As was said in Smith v. Society, 123 N. Y. 85–89, 25 N. E. 197, 198:

"That transaction—the thing done, the fact put in issue—was the fraud, which evidently was not a simple, but a compound and continuous, fact, proceeding to its result by consecutive steps and separate acts, having necessarily an origin, a progress, and an ultimate result. * * * This fraud, therefore, could be studied and proved all along the line, and in all its stages from origin to culmination, and formed part of the issue to be investigated."

And so in White v. Benjamin, 150 N. Y. 258–265, 44 N. E. 956–958:

"Fraud is one of the broadest issues known to the law, for it can seldom be proved by direct evidence, but is dependent upon circumstances, which, separately considered, may be quite immaterial, but, when combined, are not only material, but have great persuasive force."

Objection was made by defendant to oral evidence of the contents of a certain note and check given in payment to other creditors, also to parol proof of Mrs. Hein's ownership of certain real estate; but, as the writings and the title were not the foundation of plaintiff's claim, but collateral and incidental, they could be proved by parol. Where a loan is evidenced by an order on a third person, the writing need not be produced (Daniels v. Smith, 130 N. Y. 696, 29 N. E. 1098); so where a recovery was claimed for money paid for lottery tickets, they were proved by parol (Grover v. Morris, 73 N. Y. 473); and where a recovery was had for the amount of a draft deposited with a bank, the draft was provable by parol (Bowen v. Bank, 11 Hun, 226).

Exception was taken to allowing the attorney for Mrs. Hein to testify that he drew a deed from her to one William Sawyer, by which her property was transferred. This was not error. In Hebbard v. Haughian, 70 N. Y. 54, it was held that an attorney employed to draw a deed is competent to testify as to the directions received by him from the parties, and as to the transaction between them at the time. Knowledge acquired under such circumstances is not within the class of privileged communications,—citing Coveney v. Tannahill, 1 Hill, 33.

We have considered and discussed the exceptions in the case which we think require particular notice. It is not necessary to refer to them all, and it is sufficient to say that we find no error in the admission or exclusion of the evidence or the instructions to the jury.

Judgment should be affirmed, with costs. All concur.