(19 Misc. Rep. 632.)

ENGEL v. EASTERN BREWING CO. (two cases).

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

1. WORK AND LABOR—PROOF OF EMPLOYMENT.
    A refusal to pay a bill for work done merely because the amount charged is excessive, and an offer to compromise, is inconsistent with the claim that the person who ordered the work had been employed and paid to do it.

2. PAROL EVIDENCE—COLLATERAL WRITINGS.
    Parol evidence is admissible to prove the contents of writings which are merely collateral to plaintiff's cause of action.

Appeal from Seventh district court.

Two actions by Ignatz Engel against the Eastern Brewing Company for work, labor, and services. There was a judgment in each case in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. C. Guggenheimer, for appellant.

Eugene I. Yuells, for respondent.

DALY, P. J. The defendant asks for a reversal of the judgments on the ground that the plaintiff's proofs fail to show employment by the defendant. The plaintiff claimed that the work sued for was ordered by the president of the company, Mr. Katz, in one instance directly and in another instance through one Heitzner, an agent of the company; and the defendant contends that the proof fails to show that Katz was president at the time the work was done, or that he or Heitzner had authority to order it. But all dispute upon these questions was disposed of by defendant's own evidence to the effect that the work in question had been ordered from Heitzner, who had been paid for it by the company; and so the real issue in the case was whether the plaintiff was employed by Heitzner or by the company. That question was to be determined chiefly upon the testimony of the plaintiff's witness Fried, who was the husband and agent of his assignor, and the testimony of the defendant's witness Katz. As the justice decided in favor of the plaintiff, we must assume that on all disputed points he found as testified to by plaintiff's witness. The testimony on the part of the plaintiff was sufficient to authorize a finding that the whole work was done by Fried for the defendant, and not for Heitzner. While no direct connection was shown between Fried and the company until after one of the jobs—that in Brooklyn—was completed, there is evidence that that job, as well as what was ordered afterwards, was ordered of plaintiff by the defendant. Heitzner was the agent through whom the orders were given. Heitzner ordered the Brooklyn work of plaintiff in the name of the company, as well as the subsequent work. After the Brooklyn job was completed, Katz told the plaintiff that it was upon the recommendation of Mr. Heitzner he had been given that work to do, and that, if Mr. Heitzner ordered work for the brewery, he should do it. Mr. Heitzner personally ordered the work upon the premises in Mulberry street, which is sued for; and it appears that after all the work was done the plaintiff presented his bill for $396 to Mr. Katz, who only objected to it on the ground that it was excessive, and offered to pay $300 for it. This offer to pay the plaintiff for the whole work done by him was inconsistent with the claim that the work was ordered from Heitzner, and was a controlling circumstance in determining the bona fides of the defense. It is true that this offer was denied, but the denial raised an issue which it was for the justice to determine.

Error is claimed in the refusal of the justice to strike out the testimony of the witness Harris as to written orders given him for work, on defendant's objection that it was an attempt to give orally the contents of a written instrument. There was no error in such refusal. Where the writing is not the foundation of the plaintiff's claim, but is collateral and incidental, it may be proved by parol. Daniels v. Smith, 130 N. Y. 696, 29 N. E. 1098; Grover v. Morris, 73 N. Y. 473; Bowen v. Bank, 11 Hun, 226.

Judgments affirmed, with costs. All concur.