Frank E. Johnson, Off. Ref.
After the testimony was taken under the order of reference, I placed on the record my then reaction to it, to indicate what the briefs should cover. The two versions before me were quite opposite and hard to reconcile, and there was an obvious lack of truth somewhere. Defendants did not call the attorney who acted for them at the sale, did not produce any oral corroboration of their claims, or of the *355 alleged conversations (outside of the language of the contract) which were relied upon to show fraud. Plaintiff had corroboration by witnesses who contradicted the defendants on vital points.
The brief for defendants cites cases which are said to show what burden of proof they are under in a fraud claim and urges that only a preponderance is required. The Woolson case (158 Misc. 764), a Trial Term decision in Oswego County, cites no decision on the quantity or quality of the proof required as to fraud. Wilkelm v. Wood (151 App. Div. 42) likewise cites no such decision; Sommer v. Oppenheim (19 Misc. 605) discussed the trial rulings, but cites no decision on what is the burden on one who charges fraud. The Van Iderstine decision (242 N. Y. 425) reviewed a trial but did not discuss the burden of proof; that can also be said of Gregory v. Binghamton Trust Co. (168 App. Div. 805).
The allegedly false statements to defendants, on which they claim to have relied, are not only uncorroborated, but are denied by the plaintiff’s witnesses, who say they were not made to defendants.
The decisions on what burden of proof defendants are under are collected in Marcus v. Marcus (194 Misc. 464, 469-470): “ ‘ Fraud must be established by clear, positive and convincing evidence. (Karpas v. Brussel, 217 App. Div. 550, 554.) ’ (Balboa Realty Co. v. Brenglass Realty Corp., 147 Misc. 602, 604.)
‘ ‘1 The general rule is that fraud 1 ‘ which is criminal in its essence,” and. involves moral turpitude at least, is never presumed, but must be affirmatively proved * * * [and] must be established by clear and convincing evidence, by clear, satisfactory, and convincing proof, by clear, unequivocal, and convincing proof, * * * by strong, cogent, and convincing evidence, by evidence of such a nature as to impel the mind of a reasonable man to a conviction of the truth of the charge.’ (27 C. J., Fraud, § 170, p. 44; § 199, pp. 63-64, citing Schumaker v. Mather, 133 N. Y. 590; Morris v. Talcott, 96 N. Y. 100; Jaeger v. Kelley, 52 N. Y. 274; Grosjean v. Galloway, 64 App. Div. 547.) Corpus Juris Secundum (Vol. 37, Fraud, § 94, p. 400) says: 1 Where a transaction is capable of two constructions, one of which is honest and the other is fraudulent, or where the facts are equally consistent with honesty and with fraud, fraud will not be presumed and the transaction should be held honest ’, citing Burstein v. Cohen (188 N. Y. S. 812).
“ There must be ‘ clear and convincing factual proof ’ (Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, cited *356 and followed in Lynch v. Gibson, 254 App. Div. 47, 51); one must show 1 clear proof of actual fraud ’ (Hill v. International Prods. Co., 129 Misc. 25), and a ‘ reasonable degree of certainty ’ (Darling v. Klock, 33 App. Div. 270). Fraud is to be inferred only from ‘ clear proofs ’ and the other party begins trial with the presumption of innocence; the presumption of honesty prevails, unless overcome by irresistible evidence ’ (Snow v. Wathen, 127 App. Div. 948; opinion of referee in 112 N. Y. S. 41, 44).”
The plaintiff is entitled to judgment in her favor, as prayed for, on the merits; this constitutes the findings of fact and conclusions of law.
Settle judgment.