W. H. H. BRAYMAN & another *vs.* JOSEPH WHITCOMB.

Barnstable. Nov. 14, 1882. — March 2, 1883. W. ALLEN & HOLMES, JJ., absent.

Under the Gen. Sts. *c.* 152, § 7, authorizing a justice of the peace to take the recognizance of a debtor "in any case where it might be taken before the clerk of the court," and § 2, providing that "the recognizance may be taken before the Superior Court in any county in term time, or before the clerk of the court in vacation," a justice of the peace has no authority to take such a recognizance on a day when the Superior Court stands adjourned to another day in the same term; and an execution issued on the recognizance is void.

If an officer sells goods taken on a void execution, after having been notified by a creditor, who has placed in his hands another execution against the same debtor, that he claimed the first execution to be void, and that, if the officer sold the goods under it so that they could not be taken upon his execution, he should hold him responsible therefor, such creditor, by purchasing the goods at the sale and receiving possession of them, is not estopped from maintaining an action against the officer.

TORT, against a deputy of the sheriff of Barnstable, for releasing and discharging, within thirty days after judgment for the plaintiffs in an action brought by them against Isaac H. Fish, certain goods from an attachment made by the defendant on the writ in said action. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who found and ordered judgment for the plaintiffs; and the defendant alleged exceptions. The facts appear in the opinion.

*J. M. Day,* for the defendant.

*H. P. Harriman,* for the plaintiffs.

C. ALLEN, J. The execution, in favor of Charles A. Raymond, upon which the defendant sold the goods, upon a seizure made previous to the attachment thereof upon the process sued out by the plaintiffs, issued upon a recognizance taken before a justice of the peace, by virtue of the Gen. Sts. *c.* 152, § 7. As the authority of the justice of the peace to take such a recognizance is to do so "in any case where it might be taken before the clerk of the court," we are necessarily referred to § 2. This section, so far as it is important to the present inquiry, is as follows: "The recognizance may be taken before the Superior Court in any county in term time, or before the clerk of the court in vacation." Upon the facts found, the Superior Court

was not in actual session on Saturday, the day when the recogni-
zance was taken, having adjourned from Friday to Monday, but
not having adjourned the term without day.    In the statute, the
word "vacation" is used in contradistinction to "term time;"
indicating an intention to use it in its legal sense.   The English
legal year was divided into four terms of different lengths, sep-
arated by the vacations, which were the seasons of the great
festivals or fasts, or were deemed necessary on account of the
avocations of rural business.    And in this country courts have
their terms and vacations.    *Bronson* v. *Schulten*, 104 U. S. 410,
415.   The legal definition of the word "vacation" is that period
of time between the end of one term and the beginning of another.
Bouvier's Law Dict.   We are to consider the Legislature, when
dealing with subjects relating to courts and legal process, as
speaking technically, unless from the statute itself it appears
that they made use of words in a more popular sense.   *Mer-
chants Bank* v. *Cook*, 4 Pick. 405, 411.   The intervals of time be-
tween the actual sessions of court when conducting the business
of a term cannot be called vacations, and, as there was a pres-
ent existing term of the Superior Court, no authority existed
to take the recognizance in question.

The execution which issued upon the recognizance was there-
fore void.   It issued from a magistrate having no jurisdiction,
and it did not recite any facts which purported to show that
he had such jurisdiction.   The act of the officer in selling the
goods was a trespass, and such sale conveyed no title, even to
an innocent purchaser.   *Kennedy* v. *Duncklee*, 1 Gray, 65.   At
the sale, the defendant was notified by the plaintiffs that they
claimed that the execution was void, and that, if the defendant
sold the chattels under it, so that he could not take them upon
their execution, they should hold him responsible therefor.   The
defendant nevertheless proceeded with the sale, and the plain-
tiffs themselves purchased and paid for the chattels, and re-
ceived possession thereof.   It is therefore to be determined
whether this act has deprived them of their remedy against the
defendant.

There appears to be no doubt that Fish, the defendant in
the original action, and the original owner of the goods, might
have maintained an action against the defendant, or against the

plaintiffs, and perhaps against both. *McPartland* v. *Read*, 11 Allen, 231. *Gilmore* v. *Newton*, 9 Allen, 171. But a majority of the court is of the opinion that this circumstance does not have the effect to preclude the plaintiffs from maintaining their action against the officer. The gist of the action is, that he discharged their attachment, and failed to secure to them the benefit of an opportunity to levy their execution upon the attached property. It is not necessary for them to show that he made a valid sale, or any sale at all, upon the execution of Raymond. Their case rests upon his neglect of the duty which he owed to them. They have not consented to his act of giving up their attachment, or done any act by which he was misled into supposing that they so consented. On the other hand, they protested against it, gave notice to him that they should hold him responsible, and in no manner acquiesced in the determination to which he came; and he so understood. Nevertheless he determined, in full view of the consequences, to give up their attachment. So far as the plaintiffs are concerned, it is the same as if he had surrendered the goods to the original owner, or to another attaching officer.

Under these circumstances, the facts that the plaintiffs bid at the sale, that the property was struck off to them, that they became the purchasers, and took and paid for the property, will not operate as an estoppel, or defeat their action.

*Exceptions overruled.*