## JOSEPH YATTER v. OMER MILLER.

*Evidence. Certified Execution ; when motion for should be heard.*

1. In an action for *crim. con.* the conduct of the plaintiff's wife and defendant prior and subsequent to the period covered by the declaration may be admissible on the question of damages.

2. The motion for a certified execution under R. L. s. 1502 should be heard when the judgment is completed by the ascertaining of the damages ; and the fact that a judgment has been previously rendered for failure to show cause for a continuance, or that a similar motion has been made and denied at a previous term, is no bar to its being made and considered at that time.

3. In County Court, the docket entry, "With the court," merely implies that the parties consent to judgment as of the term. Such implied consent does not extend to matters not then in the case, and under it a motion for a certified execution cannot be made and considered in vacation.

This was an action of *crim. con.* for debauching the plaintiff's wife, returnable to the Washington County Court. Judgment was rendered against the defendant at the March Term, 1887, upon his failure to show cause for a continuance, and the case was referred for the assessment of damages. Upon the coming in of the referee's report the defendant filed exceptions thereto, claiming that evidence had been improperly admitted in the following particulars:

The declaration alleged that the criminal act was committed on July 26th, and on divers other times between then and the date of the writ, August 10th. The evidence showed that the plaintiff had no intimation of improper intimacy between defendant and his wife until about two weeks prior to July 26th, when, becoming suspicious, he notified defendant that he must not come to plaintiff's house any more. On the night of July 25th plaintiff's wife left home, professing that she was going to visit her friends in Massachusetts. In fact she went to Montreal with defendant. Upon learning his wife's infidelity, the plaintiff

at once began proceedings for divorce, refusing to longer-live with her. While these proceedings were pending and subsequent to August 10, the defendant continued to visit the plaintiff's wife and contributed to her support. To the reception of all evidence as to the relations between the *partes criminis* prior to July 26th and subsequent to August 10, the defendant objected and excepted.

The court, March Term, 1888, overruled the defendant's exceptions to the report and gave judgment thereon for the plaintiff; to which the defendant excepted.

The court also granted a certified execution against the defendant under his exception. The following extract from the bill of exceptions will best show the question raised :

"At the March Term, 1887, judgment was rendered in this case against the defendant on his failure to show cause for a continuance, and the case referred to——— ———, for the assessment of damages, and continued. At the September Term, 1887, Mr. Smilie was appointed referee, and the plaintiff moved for a certified execution, which was denied, but on what ground does not appear, except that counsel for the defendant claim it was because made too late, the court holding that it should have been made the term before, when judgment was rendered. How this is I do not undertake to certify.

At this term the referee's report was recommitted for further findings, and, by consent of counsel, the case was 'left with the court,' at the final adjournment of the term, on April 26th, so that, on the seasonable coming in of the report, judgment might be entered up and the case go into the May term of the Supreme Court. Whereupon, the report having come in, the same and the exceptions thereto were sent to me on May 8th, at St. Johnsbury, by the clerk, and on May 9th I received the same, and that day ordered the exceptions to be overruled and judgment to be entered on the report for the plaintiff, and at the same time drew up, signed, and forwarded to be filed, the defendant's exceptions to the judgment."

Yatter *v.* Miller.

Afterwards, on May 10, the clerk forwarded to me the plaintiff's motion for a certified execution, filed that day and referred to. The motion was at once returned to the clerk, and he directed to call it to the attention of defendant's counsel, if they did not already know of it; and now, on the 14th day of May, defendant's counsel complain that they were not sooner notified of the motion, and claim and insist that the judgment of the court overruling the former motion is final and conclusive on this question, and that the court cannot now properly entertain and grant a similar motion, and that the present motion is out of time.

The court thinks this term seasonable for filing such a motion; and if the former adjudication is not conclusive, and the entertaining of this present motion not contrary to our practice, seeing that the question has once been passed upon in the case, and was seasonably filed at this term, and can now be acted upon,— then the court entertains the motion, and adjudges that the cause of action arose from the wilful and malicious act of the defendant, and that he ought to be confined in close jail."

*Pitkin & Huse* and *Heath & Fay,* for the defendant.

The evidence of acts before and after the period covered by the writ was clearly inadmissible. This is not a case where such evidence is received to show the guilt. That was established by the judgment, and the only question here is as to damages. Wood's Mayne on Damages, sec. 102.

The question as to the certified execution having been once adjudicated, is not open for consideration.

*Geo. W. Wing,* for the plaintiff.

The evidence was properly admitted. *State* v. *Bridgman,* 49 Vt. 202; *Thayer* v. *Thayer,* 38 Vt. 163; *State* v. *Guest,* 6 S. E. Rep. 253; *Funderburg* v. *State,* 5 S. W. Rep. 244; *State* v. *Briggs,* 27 N. W. Rep. 358.

The motion for a certificate was made as soon as it could be intelligently heard. The necessary facts were not before the court until the coming in of the report.

The opinion of the court was delivered by

VEAZEY, J. The admission of the evidence relating to the conduct of the defendant and the plaintiff's wife prior to July 26, and after August 10, the dates named in the declaration, was proper for the purpose for which it was received and considered by the referee. It enabled him to see the circumstances under which the acts were committed, and how far the plaintiff's heart was lacerated thereby. Did the defendant invade a household where loose morals prevailed, where affection between husband and wife had ceased or never existed, where the husband offensively and indecently conducted with women other than his wife, where he suspected but was indifferent as to his wife's conduct with the defendant, or was the reverse of all this true? Was the criminal act the result of sudden temptation and impulse, or of design, deliberation, steady approaches? Although the authorities are not very specific as to the proper elements of consideration on the question of damages in cases of this kind, we think they fully cover in principle the ruling in this case.

The case of *Shattuck* v. *Hammond*, 46 Vt. 466, affords some analogy, where it was held in a like action that the defendant may show the plaintiff's criminal connection with other women at any time after his marriage and before trial, in mitigation of damages. The decisions are not in point but the general principles are elucidated in the able opinion of Wheeler, J., in *State* v. *Bridgman*, 49 Vt. 202; and of Colt, J., in *Thayer* v. *Thayer*, 101 Mass. 111.

The text in Green. on Evidence, Vol. 2, section 55, fully sustains the ruling in this case. See also the authorities there cited; and Vol. 1, *ib.* sec. 102, and cases cited in note 1.

At the March Term, 1887, judgment was rendered against the defendant on his failure to show cause for a continuance, and the case was ordered to be referred for the assessment of damages, but no referee was appointed, and the case was continued.

Yatter *v.* Miller.

At the September Term, 1887, the case was again continued but a referee was appointed, and the plaintiff moved for a certified execution, which was denied.

The defendant now claims that it is too late to move for a certified execution, and that it could be done only at the March Term, 1887, and this on the ground that the time of granting the certificate is, by the statute, to be at the time of the judgment, sec. 1502, R. L.

We think that the provision of the statute is to be construed, in a case standing as this does, as referring to the time when the judgment is completed on the ascertainment of the damages. The judgment rendered at the March Term, 1887, only settled that the plaintiff was entitled to some damages. The defendant may still appear and contest the right of the plaintiff to a judgment for anything more than nominal damages. The case is analogous to those where judgment is rendered upon default or demurrer, in case of an open count, as in general assumpsit, where it is held that the action is still pending between the plaintiff and defendant until the measure of the plaintiff's right is ascertained, either by his own election to take judgment for nominal damages, or by a proper ascertainment under the statute, sec. 1178 R. L., and the final judgment is in fact rendered. *Sheldon* v. *Sheldon,* 37 Vt. 152; *Webb* v. *Webb,* 16 Vt. 636. We are not now dealing with the question as to what evidence may be received in defense of claims beyond nominal damages after judgment, as in the case of *Bank* v. *Dorset Marble Co.,* 58 Vt. 70; and others in our reports. Here the County Court was asked to adjudge that the cause of action arose from the willful and malicious act or neglect of the defendant before the case was tried.

The motion may be filed at any term, but the proper time for hearing it is after the facts are before the court, upon which it must base its ruling.

So we think that the statute providing for a certified execution " at the time of such judgment " refers to the time of the final completion of the judgment; and that the denial of a

motion for such execution before the facts upon which a ruling thereon must rest are before the court is not a bar to granting a renewed motion after.

Our statutes provide that the Supreme Court may retain causes for advice or consultation after the final adjournment of the term and enter judgment therein in vacation, but there is no such provision as to County Courts. Yet a practice has long prevailed, in some counties more than others, of occasionally entering a cause at the final adjournment " with the court," and entering judgment therein in vacation as of the term. As there is no authority for this in the statutes and as there is no County Court in session after the final adjournment, the validity of such a judgment must rest in the assent of the parties, which is regarded as implied from such a docket entry.

The defendant's counsel do not now question the validity of this judgment on the ground that the cause was held after the term and the judgment entered in vacation as of the term, but they contend that the motion for a certified execution not having been made in term, could not properly be made, considered and determined after judgment was rendered in vacation. We think the point is well taken. No motion for the certificate was made before the final adjournment of the term and no agreement is claimed that it might be made after. We do not understand that the entry " with the court " has been regarded as importing anything more than that the case may be held for consideration and decision, as of the term, of matters heard at the term. Whether under our statutes and as our County Courts are constituted, a cause may be thus held, and as to what would be the effect of a stipulation for the hearing of a cause in vacation and the subsequent entry of a judgment as of the term, are questions not now before us. We only decide that the ruling on the motion for a certificate made under the circumstances shown was error.

*The judgment in other respects is affirmed.*