## IN RE THOMAS H. MURPHY.

### October Term, 1900.

Present: ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 28, 1901.

*There is vacation in Chancery*—There is such a thing as vacation in Chancery. This is assumed and recognized in one part of the statute that makes the Court of Chancery always open for business.

*What period is vacation in Chancery*—From the final adjournment of a stated term of the County Court, without an adjournment or continuance of the stated term of the Court of Chancery, until the next stated term of the County Court, it is vacation in Chancery, if no special term is called and there are no other facts affecting the matter.

*A chancellor in vacation has jurisdiction under V. S. 4527*—V. S. 4527 relating to violations of injunctions against liquor nuisances is special and allows the proceedings thereby authorized to be initiated before a chancellor in vacation, and thereupon empowers him to try and punish, though the matter is not before the Court of Chancery.

*Mittimus for contempt need not state the particular facts constituting the contempt*—In the case of a commitment for contempt by a chancellor who has jurisdiction, the mittimus need not state the particular facts constituting the contempt, as the presumption is that the requisite facts were found.

*Constitutionality of statute prescribing the penalty for contempt—Showing insufficient to raise the question*—The constitutionality of a statutory provision fixing the penalty for a contempt is not raised by showing that a sentence for contempt imposed by a chancellor coincided with the maximum of the statute. The chancellor may, nevertheless, have been governed by his judicial judgment rather than by the statute.

HABEAS CORPUS returnable at Burlington in Chittenden County before *Munson, J.*, and duly adjourned into the Supreme Court, at its October Term, 1900, and heard at said term.

*Seneca Haselton* and *Cushman & Sherman* for the relator.

*Rufus E. Brown*, State's Attorney, and *Edmund C. Mower* for the State.

ROWELL, J.    The relator seeks relief on *habeas corpus* from imprisonment for violating an injunction issued by the Court of Chancery, perpetually restraining him from keeping and maintaining a liquor nuisance.

The proceedings for contempt were instituted before *Taft, C. J.*, as Chancellor, and not before the Court of Chancery. Section 4527 of the Vt. Sts. provides that in case of violation of such an injunction, the Court of Chancery, or, in vacation, a chancellor, shall have power to try and summarily punish the person guilty thereof.

The relator claims that the proceedings should have been instituted before the Court of Chancery, in order to give a chancellor power to deal with the matter in vacation, and that sec. 915 of the Vt. Sts., as amended by sec. 6, No. 35, Acts of 1898, should be construed as giving a chancellor at chambers the authority thereby conferred only in cases regularly before the Court of Chancery.

· But we regard it immaterial whether such is the true construction or not of that section as thus amended, which is general; for it is considered that sec. 4527, which is special, allows the proceedings thereby authorized to be initiated before a chancellor in vacation, and thereupon empowers him to try and summarily punish, though the matter is not before the Court of Chancery.

Section 914 of the Vt. Sts. provides that there shall be annually two stated terms of the Court of Chancery in each county, to commence on the days appointed by law for holding the county court, and to continue for such time as the chancellor directs; and as many adjourned and special terms as the state of business requires.

Although it may be difficult to say generally, with sufficient completeness to cover all cases, what is "vacation" in Chancery as that term is used in our statutes, we think it clear that when the county court finally adjourns, and the chancellor neither directs the continuance of the stated term of the Court of Chancery, nor adjourns the term, nor calls a special term, and nothing more appears, it is vacation, within the meaning of the statute, during all the time between the stated terms of the county court.

That there is such a thing as vacation in chancery, notwithstanding the court is always open for business for all purposes, is assumed and recognized by the act that makes it thus open; for it provides that a chancellor at chambers may hear

a cause pending in the Court of Chancery and make a final decree "during the vacation between the stated terms of the county court." Acts of 1898, No. 35, s. 6. And the fact that the Court of Chancery does not in practice finally adjourn, does not show that it is always in session so that there is no vacation, as is shown by *Sturges* v. *Knapp,* 38 Vt. 540.

It appears in the case at bar that the March Term, 1900, of the county court finally adjourned April 16th; that no directions were·given as to continuing the Court of Chancery; but that the chancellor announced that under the rule the Court of Chancery did not adjourn, but that he would attend to the business on the docket until the next term, giving notice when the cases were to be heard, and that they were heard in that way. There being no direction for continuing the stated term of the Court of Chancery, no adjournment of the term, and no special term, it was vacation during the time between the stated terms of the county court, which covers the time of the institution and determination of the contempt proceedings. It appears, therefore, that those proceedings were had in vacation, and therefore the chancellor had jurisdiction therein.

It is objected that the mittimus should state the facts constituting the contempt. But that is not necessary; for as the chancellor had jurisdiction, the presumption is that he found the requisite facts, and therefore the particular circumstances need not be set forth. *In re Fernandes,* 6 H. & N. 717; note to *Mullin* v. *People,* 22 Am. St. Rep. 424. It is claimed that in imposing sentence the chancellor was governed by section 4525 of the Vt. Sts., which fixes a maximum penalty for such a contempt, and that that section is an invasion of judicial power and therefore unconstitutional. But the mere fact that the penalty imposed coincides with the maximum of the statute does not necessarily show that the chancellor was governed by the statute. For aught that appears it may have been his judicial judg-

ment regardless of the statute, and therefore the constitutional question is not raised.

*It is adjudged that the relator is not unlawfully impris-oned, and he is remanded to the House of Correction whence he was taken, and his complaint is dismissed.*