MARENGO SAVINGS BANK v. O. A. BYINGTON, Judge of the
District Court of Iowa County.

Courts: ADJOURNMENT OF TERM.  An adjournment of court with-
out date is a final adjournment of the term, unless there is
some provision in the order itself that the court shall recon-
vene for the further transaction of the business of that term.

Entry of decree in vacation.  Except as in cases provided by
statute or the agreement of the parties the court has no juris-
diction to enter an order or decree in vacation.

MONDAY, JUNE 10, 1907.

Original proceeding by *certiorari*.

AN action in equity instituted by one Ridings against
the Marengo Savings Bank, the plaintiff in the present pro-
ceeding, was pending in the district court of Iowa county
during the October term thereof, 1906, and on the 17th day
of November, which was a date prior to the beginning of the
next term of court in that county, the judge, who is the
defendant in this proceeding, filed with the clerk a finding
in the case that the equities were with the plaintiff, and
directed that plaintiff prepare a decree in conformity with
such finding, and present it to counsel for defendant for
approval before signature by the court.  On the 28th day of
December following (which is recited in the decree as " be-
ing of the regular October term, 1906," of said court), a
formal degree was signed by said judge, which on the next
day was filed with the clerk.  On the same day on which
this decree was signed counsel for the defendant in that
action filed with the clerk objections to said decree, one of
which was that the judge had no power or jurisdiction to
render a judgment or enter a decree as of the date November
17, 1906, and had no power or jurisdiction at the time the

final decree was signed to make and enter a judgment and decree in said action, and defendant especially objected to having said decree entered as of the date of November 17, 1906. This is a proceeding by *certiorari* to have the decree filed December 29, 1906, *annulled*.

*C. Hedges* and *Popham & Havner,* for plaintiff.

*Tom. H. Milner* and *Thos. Stapleton,* for defendant.

MCCLAIN, J.— The records of the district court of Iowa county at its October term show regular adjournments to the succeeding day or a succeeding date, until November

1. COURTS: adjournment of term.

13th, when, as the record recites, " Tuesday morning, November 13, 1906, court convened as per adjournment, and continued in session during the day when it adjourned." A subsequent order adjourning the term *sine die,* signed by the defendant, is of record, reciting the 31st day of December, 1906, as the date of such order, and bearing file mark showing its filing on January 1, 1907. The contention for the plaintiff in this proceeding is that the entry of date, November 13, 1906, amounted in law to a final adjournment of the October term, and that the judge was without jurisdiction to transact further business as of that term. The terms of the district court for each county are to be as fixed by the judge or judges of the district in which the county is included. Code, section 229. There is no question as to the fact that by proper order of the judge the October term of the district court of Iowa county was fixed to commence on the 8th day of October, 1906, and that the succeeding term was fixed to commence in January. It is further provided (Code, section 238) that " upon any final adjournment of the court all business not otherwise disposed of shall stand continued." If the entry of November 13th was a final adjournment of the court, then the case of *Ridings v. Marengo Savings Bank*

then pending in that court was continued until the January term. Being so continued, no judgment or decree in the case could properly be entered prior to the convening of the January term.

That this entry of November 13th was an entry of final adjournment cannot, as we think, be seriously questioned. An adjournment of the court is a final adjournment for the term, unless there is some provision in the order itself or by statute that the court shall reconvene for the transaction of the business of that term. *Dunn v. State,* 2 Ark. 229 (35 Am. Dec. 54); *Irwin v. Irwin,* 2 Okl. 180 (37 Pac. 548); *In re Murphy,* 73 Vt. 115 (50 Atl. 817). The subsequent entry of an order adjourning the term *sine die* is of no significance if the term was already adjourned by the entry of November 13th. If in fact this entry of November 13th was erroneous, it could have been corrected by an entry *nunc pro tunc* conforming it to the facts; but no application for such correction appears to have been made. The order for a decree filed November 17th and the decree filed December 29th were therefore not made during the term of the court, but were, in fact, made while the cause stood continued by operation of law, and when no further proceedings in the case could properly be taken, unless the judge had authority to enter such order and decree in vacation.

In Code, section 247, it is provided that, " with consent of parties, actions . . . may be taken under advisement by the judges, decided and entered of record in vacation or at the next term." But it has uniformly been

**2. ENTRY OF DECREE IN VACATION.** held by this court that an order or judgment cannot be made in vacation unless by consent of parties, or otherwise, the case has been submitted to the judge to be considered and determined during vacation. In the absence of authority to make a ruling or decree in vacation, any ruling or decree thus made is without jurisdiction.

*Slate v. Hathaway,* 100 Iowa, 225; *Young v. Rann,* 111 Iowa, 253; *Whillock v. Wade,* 117 Iowa, 153.

Counsel for appellee rely upon the case of *Landt v. Remley,* Judge, 113 Iowa, 555, in which it is said that a party who applies for an order in vacation cannot afterwards object to a modification of the order made, which is also entered in vacation. But, as indicated in the opinion, this was an exceptional case, and was not regarded as infringing upon the general rule that a judge has no authority to make an order in vacation except as authorized in accordance with the provisions of the statute. The other cases relied upon for appellee are subject to similar explanations. We see no occasion to further discuss a rule which is so fully settled by the prior decisions of this court. There was not only no consent on the part of the defendant in the case of *Ridings v. Marengo Savings Bank* to have a decision made in vacation, but exception to such decision was expressly entered of record on that ground before the decree was filed.

Under this record the decree called in question by this *certiorari* proceeding was entered without jurisdiction, and it is therefore *annulled.*