JOHN M. BAKER, APPELLEE, v. SAMUEL A. WESTING, APPELLANT.

FILED DECEMBER 14, 1918. No. 20114.

1. **Husband and Wife:** CRIMINAL CONVERSATION: VERDICT: SUFFICIENCY OF EVIDENCE. Evidence described in the opinion *held* sufficient to sustain a verdict in favor of plaintiff for $2,500 in an action for criminal conversation.

2. ———: ———: EVIDENCE OF COLLUSION: EXCLUSION. In a suit by a husband for criminal conversation, proof by defendant of mere collusion between plaintiff and his wife to claim damages or to bring an action therefor may be excluded, where there is no evidence of connivance or collusion on the part of the husband in regard to the wrongs imputed to defendant.

3. ———: ———: DAMAGES. In a suit by a husband for criminal conversation, a jury properly finding in favor of plaintiff may, in assessing damages, consider the wrong to plaintiff "in his domestic and social relations" and the "stain and dishonor" suffered by him.

4. ———: ———: VARIANCE. In a suit by a husband for criminal conversation alleged by him to have occurred on or about a date mentioned and to have recurred at intervals for two years, plaintiff in making his case is not necessarily limited to proof of offenses committed within that period.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Tibbets, Morey, Fuller & Tibbets,* for appellant.

*J. E. Willits, contra.*

ROSE, J.

This is an action for criminal conversation, and resulted in a verdict and a judgment in favor of plaintiff for $2,500. Defendant has appealed.

The principal assignment of error challenges the sufficiency of the evidence to sustain the verdict. Defendant testified to his innocence, and argued on appeal that the evidence adduced by plaintiff in support of his charges was too contradictory and improbable for

credence. From March, 1912, until July, 1916, plaintiff, with his wife and a number of children, lived on a farm owned by defendant and worked for him there. The wife of plaintiff testified that defendant had illicit relations with her at her home at intervals for two years or more between the dates mentioned. A daughter of plaintiff testified to noncriminal acts of familiarity on the part of defendant toward her mother at her house during her father's absence. Defendant admitted on the witness-stand that he had been at the home of plaintiff two nights while the wife of plaintiff was there and while her husband was absent with a shipment of stock. Defendant also admitted that he had been in plaintiff's house at different times settling accounts with the wife of plaintiff while the latter was at work on the farm. Independently of testimony of the wife of plaintiff, there is evidence to justify the inference that defendant had deliberately participated in the creation of opportunities to be with her during the absence of her husband. Without going further into details or adverting to explanations by defendant to show his innocence, it is found that the evidence is sufficient to sustain the verdict and to justify the conclusion that it was not the result of passion or prejudice.

There is complaint that the trial court excluded evidence tending to prove that plaintiff and his wife, Emillie M. Baker, had conspired together to extort money from defendant. In the attempt to show what the wife had said and done in this respect, the principal item of proof offered was a letter from her attorney to defendant. It was written before plaintiff brought this suit and is in the following language:

"Claim of Emillie M. Baker for damages against you has been placed in my hands for settlement or action. Thanking you for your prompt attention and that I may have answer from you immediately as to your position in this matter, I am, yours truly."

Proof like this is not of itself evidence of a con-
spiracy. The wife is not a party to the present action.
There is no evidence whatever of connivance on the
part of plaintiff at the wrongs imputed to defendant.
In the absence of such evidence, mere collusion between
plaintiff and his wife, after plaintiff discovered that
his marital rights had been invaded by defendant, to
claim damages or to bring a suit therefor, does not
defeat plaintiff's action or prevent a recovery. *Rea v.
Tucker*, 51 Ill. 110, 99 Am. Dec. 539. Error in ex-
cluding proof of this nature does not appear in the
record.

Defendant criticises an instruction permitting the
jury, in estimating damages in the event of a finding
for plaintiff, to consider the wrong to him "in his
domestic and social relations" and the "stain and
dishonor" suffered by him, if any. These terms were
evidently borrowed from an instruction approved in
*Smith v. Meyers*, 52 Neb. 70. Damages of this nature,
in absence of connivance or collusion, may be inferred
from an invasion of the exclusive marital rights of
plaintiff. This assignment is therefore overruled.

Another assignment of error is variance between
the pleading and the proof, plaintiff having been allow-
ed to adduce testimony of criminal acts in April, 1913,
under a petition alleging that the wrongs were com-
mitted "on or about the month of September," 1913,
and on "other days and dates between said time and
the commencement of this action" and for a period "of
more than two years." The supreme court of Michigan
overruled a similar assignment of error, saying:

"The plaintiff was not confined to the exact time
alleged in the declaration. It is not claimed that he
attempted to prove but one offense, and under such
circumstances, both in civil and criminal cases, the
offense charged may be shown to have been committed
upon any day within the period of the statute of

limitations, and the fact that the defendant may rely upon proving an alibi in his defense does not change the rule." *Johnston v. Disbrow,* 47 Mich. 59.   See, also, *Yatter v. Miller,* 61 Vt. 147.

In the present case, the petition states that defendant came to the home of plaintiff, who lived on defendant's farm, and there committed the wrongful acts pleaded, and that this was plaintiff's home from March, 1912, until July, 1916.   The proofs were confined to that period.   In overruling the motion for a new trial, the court below found that defendant was not prejudiced by proof of criminal intercourse in April, 1913. The record does not show that the judgment should be reversed on this ground.   Complaint is made of other rulings, but error prejudicial to defendant has not been found.

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.