MATILDA SAUND *v.* CARL P. SAUND.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Judgment—Powers of County Court To Enter Judgments in Vacation—G. L. 1607—"Vacation"—Statutes—When Entry "With the Court" Ceases To Be Effective—G. L. 1608 Not Applicable To Cases Fully Heard During Stated Term of County Court—No Authority for Entry "With Presiding Judge"—Lack of Authority of Judge Hearing Divorce Case To Render Judgment in Vacation after Intervention of Subsequent Terms.*

1. Powers of county court or of a judge thereof in vacation as to entering judgments in matters fully heard during stated term, and as to matters upon which they are based, are only such as statute (G. L. 1607) confers, but such statute does not abridge previous common law powers of judges at chambers.

2. In cause fully heard by county court during stated term, and left "with court" at final adjournment, under G. L. 1607 judgment can be entered after such adjournment only by all or a majority of judges who heard case in county court, except when one judge thereof acts alone under provision of G. L. 1603 by reason of disqualification of other two judges.

3. "Vacation," as used in G. L. 1607, is that period of time between the end of one term and beginning of another.

4. Every statute is understood to contain by implication, if it does not by express terms, all such provisions as are necessary to

effectuate the rights, powers, privileges, and jurisdiction that it grants; and what is implied in statute is as much a part of it as what is expressed.

5. Where cause is entered "with the court" at time of adjournment of county court, but purpose for which it was so entered is not effectuated within succeeding vacation and before opening of next stated term of court, such entry ceases to be effective, and cause stands on docket of new term same as any other case, for trial or such other disposition as court may determine in view of nature of action and law applicable thereto.

6. G. L. 1608, authorizing superior judge who presided at last stated term of county court to hear and render judgment in vacation, without presence of either of assistant judges, in any cause wherein a trial by jury is not matter of right .or is waived, has no application to case fully heard during stated term and at time of final adjournment entered "with court."

7. There is no authority of law, either express or implied, under which case in county court at final adjournment of a stated term may be entered with presiding superior judge by name, or under any designation, as distinguished from entering it "with the court," but when entry is "with the court," under G. L. 1607, 1608, either court or superior judge who presided at last stated term has power to hear and render judgment therein in vacation. *Dictum.*

8. Where divorce case was fully heard during stated term of county court and on its final adjournment left "with court," judges hearing case at such term had no authority under G. L. 1607 to make valid decree in vacation after intervention of two subsequent stated terms of such court, otherwise constituted, and their acts in attempting so to do should be set aside and held for naught.

PETITION FOR DIVORCE on grounds of intolerable severity and refusal to support. Heard by court at September Term, 1925, Washington County, *Thompson,* J., presiding. Case being undisposed of during session, on adjournment was left "with the court." During vacation after term at which the case was heard, findings of fact signed by all the judges of such court, and decretal order signed by presiding judge alone, were filed, granting divorce for intolerable severity, and awarding alimony, to which petitionee excepted. Upon hearing, Supreme Court

dismissed exceptions on ground that, presiding judge being without authority to sign decretal order alone, the attempted entry of judgment was ineffective, and, therefore, case was not properly in Supreme Court (See 100 Vt. 176, 136 Atl. 22). Thereafter, and after two subsequent terms of such county court, otherwise constituted, had been held and final adjournment taken, in vacation after such second term, all the judges who had originally heard the case signed and filed new findings of fact, and new decretal order, granting divorce for intolerable severity, and awarding alimony. The petitionee excepted on the ground that the judges who took this action were without jurisdiction of the cause, and to the decretal order because based wholly on findings made without further hearing in case. The opinion states further facts of case. *Exceptions sustained, findings and decretal order awarding alimony set aside, and cause remanded.*

*Theriault & Hunt* for the petitionee.

Prior to statute (G. L. 1607, 1608) there was no statutory authority for entering cause at final adjournment of county court "with the court," and entering judgment therein in vacation, and validity of such judgment rested in the assent of parties. *Yatter* v. *Miller,* 61 Vt. 147.

Under statute (G. L. 1607, 1608) entry "with the court," is effective without the consent of parties, but authority and jurisdiction of county court in vacation is only what statute gives. *Morgan* v. *Gould,* 96 Vt. 275; *Barnes* v. *Albert,* 87 Vt. 251.

The statute authorizing entry of judgments "in vacation" after the adjournment of a stated term contemplates only the time between that and the next stated term. G. L. 1607, 1608; *Platt* v. *Shields & Conant,* 96 Vt. 257.

*T. Tracy Lawson* for the petitioner.

WATSON, C. J. When this case was here before (100 Vt. 176, 136 Atl. 22) the exceptions were dismissed. The case is a petition for divorce, brought to the Washington county court and therein fully heard during the September Term thereof, 1925, but no decree was rendered before the final adjournment of the term. At the time of such adjournment the case was

entered "with court." Thereafter, on March 6, 1926, within the following vacation, findings of fact were filed and at the same time a decretal order. The former was signed by all the judges, but the latter was signed by the presiding judge alone. By the terms of the decretal order the petitioner was granted a divorce on the ground of intolerable severity, and was awarded alimony. It was held by this Court to have been necessary as a matter of law that at least a majority of the judges should sign it in order to make it effective; that the presiding judge, acting alone, could not give force to the decree, nor could he act for the other judges. Consequently there was no judgment in the case. It was further there held that when a judgment is rendered in such a case in vacation, proper procedure requires that a judgment or decretal order in writing, signed by the court or a majority thereof, be filed with the clerk.

That decision of this Court was handed down January 5, 1927. The stated September Term, 1926, of said county court, was then in session, but was finally adjourned on January 19, 1927. Within the vacation following that adjournment and before the convening of the next stated March Term of said court, two stated terms of said court otherwise constituted having intervened, and without any other or further hearing than that had at the September Term, 1925, the findings of fact and decretal order, filed March 6, 1926, were ordered stricken off, and new findings of fact and new decretal order, granting a divorce and awarding alimony, were made and filed by the presiding judge and the assistant judges who constituted said court at its September Term, 1925, and before whom this case was then heard. The petitionee excepted to the findings of fact and to the decretal order so filed, for that the judges who made the same did not constitute said Washington county court and were then without jurisdiction of said cause, and to said decretal order because based wholly on the findings referred to and without further hearing in the case.

The primary question now before us is, whether the judges of the term during which the case was heard had power in vacation to make a valid decree after the intervening of two stated terms of county court following the adjournment of the September Term, 1925. This depends upon the meaning of G. L. 1607, the provisions of which read:

"The county court may, in vacation after the adjournment of a stated term, enter judgment in a case fully heard during such term, and may, on reasonable notice to the attorneys for all parties of record, hear and render judgment in a cause standing on a report, or on an agreed statement of facts or on a demurrer; and said court may, in like manner, hear and render judgment in any cause wherein a trial by jury is not a matter of right or is waived."

[1, 2]　The manifest purpose of enacting the law of this section was to enlarge the powers of the county court in vacation so as to enable it (Class 1) to enter judgment after the final adjournment of a stated term, in cases fully heard during such term and at its final adjournment entered "with court" or "with the court"; and (Class 2) to hear and render judgment in causes so entered at final adjournment, falling within the subsequent provisions of the section.　As in effect was declared in this case when here before, prior to that enactment the validity of a judgment entered in vacation in cases of "Class 1," rested in the assent of the parties (*Yatter* v. *Miller,* 61 Vt. 147, 17 Atl. 850), and the present powers of that court or of a judge thereof in vacation, as to entering judgments and as to matters upon which they are based, are only such as the statute confers.　*Barnes* v. *Albert,* 87 Vt. 251, 88 Atl. 815; *Morgan* v. *Gould,* 96 Vt. 275, 119 Atl. 517.　But the statute conferring such powers does not abridge the previous common law powers of the judges at chambers, which powers were considered and recognized as firmly established, in *Thorworth* v. *Blanchard,* 87 Vt. 38, 87 Atl. 52, Ann. Cas. 1916A, 1226.　However, chamber business at common law need not be further noticed, for no claim is made, nor could there well be, that it includes such as, in the present case, was attempted by the judges in vacation and now here in question.　Nor need G. L. 1610, conferring certain powers upon "any superior judge" in vacation, be particularly noticed; for its provisions do not in any manner relate to causes fully heard during a stated term of the county court, but judgment not rendered therein before final adjournment of the term, as in the instant case.　In these circumstances judgment can be entered after such adjournment only by all or a majority of the judges who heard the case in county court, except one judge may act alone when the other two are disqualified.　G. L. 1603; *Platt* v. *Shields et al.,* 96 Vt. 257, 119 Atl. 920.

[3]   Were the judges acting within the powers given by the statute (G. L. 1607) when they filed the findings and decretal order brought here for review? In Bouvier's Law Dictionary "vacation" is defined as "that period of time between the end of one term and the beginning of another." And that appears to have been the understanding of this Court when considering and deciding the case *In re Murphy,* 73 Vt. 115, 50 Atl. 817. This is the technical common law definition. 15 C. J. 899; *Conkling* v. *Ridgley & Co.,* 112 Ill. 36, 1 N. E. 261, 54 A. R. 204.

In *Brayman* v. *Whitcomb,* 134 Mass. 525, the highest court of Massachusetts, adopting the above definition, said: "The legal definition of the term 'vacation' is that period of time between the end of one term and the beginning of another. * * * We are to consider the Legislature, when dealing with subjects relating to the courts and legal process, as speaking technically, unless from the statute itself it appears that they made use of the words in a popular sense."

There is nothing in G. L. 1607 indicating that the word "vacation" is used in any other sense than as understood at common law. On the contrary, the words "in vacation after the adjournment of a stated term" make it plain that the Legislature intended to confine the "vacation" to the period of time following a stated term, not using the word in any other or broader sense. G. L. 1608, which was enacted at the same time and follows the section under discussion, makes it plainer that the legislative intent was to confine the "vacation" mentioned in the preceding section to that following the stated term; in providing that "such hearing may be had before and such judgment rendered by the superior judge who presided at the last stated term of such county court," etc. From this it is quite certain that the "vacation" to which reference is there made, extends only to the next stated term. The superior judge who presided at the last stated term is expressly specified as the judge given such powers (*Platt* v. *Shields et al., supra*), and that judge being alone so expressly empowered to act under that section of the statute, the maxim applies that the express mention of one thing implies the exclusion of another. But he remains the presiding judge of "such county court" only until the next stated term when the superior judge presiding at that session becomes the presiding judge.

[4]   It is claimed in behalf of the petitioner that there is

a practice which justified the action of the judges herein, the case having been entered "with court." The case of *Yatter* v. *Miller, supra,* is cited in support of this position. As is hereinbefore shown, when that case was decided there was no statute authorizing such practice in county courts. Since then the statute (G. L. 1607) has been enacted and the case at bar is within its provisions. Although this statute does not in express terms provide for entering a case "with the court" at the final adjournment of the stated term at which it was fully heard but no judgment entered, yet in providing that the court may in vacation after such adjournment enter judgment in such a case, it impliedly provides for entering the case "with the court" so judgment therein may be entered in vacation; for otherwise the court would not then have the case before it and consequently would not have the power to enter up judgment. It is a rule of construction that "every statute is understood to contain by implication if it does not by its express terms, all such provisions as are necessary to effectuate the rights, powers, privileges, and jurisdiction that it grants; and what is implied in a statute is as much a part of it as what is expressed." *In re Demarco,* 77 Vt. 445, 61 Atl. 36; *Cady's Admr.* v. *Lang,* 95 Vt. 287, 115 Atl. 140. And so it was held in *Morgan* v. *Gould, supra,* that since the passage of the law of section 1607 the entry "with the court" is effective without the consent of the parties. But "a statute is not to be enlarged by implication unless it is necessary in order to make it effective to accomplish the object that it was designed to subserve." *Yatter* v. *Miller, supra.* As a legal sequent it must follow that the continuance in time of the operation of such implied provision is the same as that of the necessity from which it arises.

[5-7] When a case is so entered "with the court" at the time of final adjournment of the term, but the purpose for which it was so entered is not effectuated within the succeeding vacation and before the opening of the next stated term of the court, the entry "with the court" ceases to be effective and the case stands on the docket of the new term the same as any other case, for trial or such other disposition as the court may determine in view of the nature of the action and the law applicable thereto.

Adverting to G. L. 1608 which to some extent has already been noticed as passed at the same time as section 1607, in pro-

viding that "such hearing"—having reference to the causes mentioned in (Class 2) of the latter section—"may be had before and such judgment rendered by the superior judge who presided at the last term of such county court, without the presence of either assistant judge," it has no application to the instant case; but it should be said in passing, that there is no provision of law, either expressed or implied, under which a case in the county court at the final adjournment of a stated term, may be entered with such superior judge by name, or under any designation, as distinguished from entering it "with the court." There is no necessity for such entry as the former, for when the case is entered "with the court" the statute gives the court, also the superior judge who presided at the last stated term, power to hear it and render judgment therein in vacation.

[8] The result is that the judges who signed the findings and decretal order granting a divorce and awarding alimony were without authority in law so to do, and their acts in these respects should be set aside and held for naught.

*Exceptions sustained, findings and decretal order granting a divorce and awarding alimony are set aside and held for naught, and the cause remanded for such proceedings as may be had according to law.*

NOTE.—When this case was argued, it was assigned to FISH, J., but after his death it was reassigned to WATSON, C. J.